Tom Swift, Appellant, *v.* The Zoning Hearing Board of East Hempfield Township, Appellee.

Argued January 9, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three. Reargued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS.

*Harold E. Martin,* for appellant.

*Charles B. Grove, Jr.,* with him *May, Grove, Stork & Blakinger,* for appellee.

OPINION BY JUDGE ROGERS, June 30, 1975:

The appellant, Tom Swift, purchased a lot in East Hempfield Township, Lancaster County, at a tax sale in 1967. The lot contains 33,000 square feet and is located in a district of the East Hempfield Township Zoning Ordinance in which the minimum lot size requirement is 10,000 square feet. Except for three strips extending to public streets, the lot is completely encircled by the rear yards of other residential lots improved with dwelling houses. Each of the access strips is about 140 feet long and 15 feet wide; together, they provide a total of 45 feet of frontage on the public roads at which they terminate. The lot is apparently what remained in title to the developer of the adjacent residential lots, Frank Sinz & Son, who had obtained approval of and filed a plan of subdivision in 1955. The lot, which is shown on the plan, may have been intended by the developer as a playground for the use of the occupants of adjoining lots. However, nobody paid the local taxes and Mr. Swift acquired title, as we have mentioned, at delinquent tax sale.

Mr. Swift, desiring to build a house, sought a variance from a requirement of the township zoning ordinance, adopted in 1965, that residential lots contain a minimum width of 50 feet at the street line.

The Zoning Hearing Board of East Hempfield Township denied the variance on a number of grounds: that a dwelling house erected on the premises would face the rear of adjacent properties; that the lot was intended by the developer for recreational, not residential, use; that the use of the 15 feet wide strips as access would create a safety hazard; that the location of a dwelling in the midst of the rear yards of other properties would be poor planning; and that Mr. Swift either knew or should have known of the zoning deficiency when he purchased the property. The court below, without receiving evidence, affirmed the decision of the Zoning Hearing Board.

We must dispose of this appeal by Mr. Swift by remanding for rehearing because the Zoning Hearing Board did not comply with Section 908(7) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, 53 P.S. §10908(7), which requires the Board to keep a stenographic record and transcript of the proceedings. The record of the hearings of the East Hempfield Zoning Hearing Board consist of minutes kept in cursive fashion by its secretary. We held such a record to be insufficient compliance with the Code and not the proper subject of appellate review in *Camera v. Danna Homes, Inc.*, 6 Pa. Commonwealth Ct. 417, 296 A.2d 283 (1972).

Since the case must be reheard by the Zoning Hearing Board, a few suggestions might be helpful. If the lot in question were held by Frank Sinz & Son in sole and separate ownership prior to the enactment of the East Hempfield Zoning Ordinance, Mr. Swift's application for a variance or variances cannot be lightly refused. In *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1974), we held that the owner of a lot held in separate ownership, which lot was deprived of all productive use by reason of its nonconformity to subsequently enacted zoning requirements, to be entitled to variances necessary to permit his use of the lot. While deeds in this record reveal that Frank Sinz & Son sold some adjacent lots prior to the adoption of the Hempfield Township Zoning Ordinance, it is not clear that all of such lots were sold prior to that date, leaving Sinz, to whose title Mr. Swift succeeded, with a lot whose nonconformity could not be cured.

The record is further incomplete because it does not contain a copy of the East Hempfield Township Zoning Ordinance, to certain requirements of which the Zoning Hearing Board without stating their precise nature makes reference. We are unable to construe zoning ordinances not provided us by the record.

The order of the court below is vacated; and the record is remanded with direction that it be returned to the Zoning Hearing Board for the purpose of conducting a hearing reported in accordance with the requirements of the Pennsylvania Municipalities Planning Code.