Thomas McCarron, Legal Owner, and Clover Diversified Investments Corp., Equitable Owner, Appellants *v.* The Zoning Hearing Board of the Borough of Lansdale, Appellee.

Argued April 7, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*J. Edmund Mullin*, with him *Hamburg, Rubin, Mullin & Maxwell*, for appellants.

*Richard W. Hollstein*, with him *Robert J. Kerns*, and *Landis, Williams & Kern*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 18, 1978:

Thomas McCarron and Clover Diversified Investments Corp. (Appellants) appeal the decision of the Zoning Hearing Board of the Borough of Lansdale (Board) denying them a variance to construct a single-family home on each of two lots. The variance was necessary because each lot has a frontage of 55 feet,[1] while the applicable zoning requires 60 feet. The Board denied the variance on the grounds that any

---

[1] Twenty feet of the frontage of these properties consists of the roadbed of a street which had been vacated by the Borough of Lansdale in 1960. One-half of the street reverted to the abutting property on either side. Apparently, Appellants had erroneously believed that the entire street inured to the benefit of the property and that its width was 75 rather than 55 feet.

hardship had been created by Appellants[2] when they subdivided the property. The Board found as a fact that the undersized lot had been created in 1960 or 1961 when Appellants subdivided a larger property and that hence any hardship was of their own creation. Upon appeal to the Court of Common Pleas, the decision of the Board was affirmed without the taking of any additional testimony.

After close examination of the record hereto, we reverse the Board and remand this case to it for the taking of testimony to support its legal and factual conclusion. Where the court below received no additional evidence, our review is limited to a determination of whether the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence *in the record*. *Berger v. Board of Supervisors of Whitpain Township,* 31 Pa. Commonwealth Ct. 386, 376 A.2d 296 (1977). As there is no discernible evidence in the record to support the Board's finding that Appellants had created their own hardship by subdividing their property, we must reverse the Board and remand the case to it for further consideration.

Accordingly, we

ORDER

AND Now, this 18th day of August, 1978, the decision of the Zoning Hearing Board of the Borough of Lansdale is reversed and this case is remanded to it for further consideration on the issue of whether Thomas McCarron and Clover Diversified Investments Corp., Appellants, created their own hardship when they subdivided their property.

---

[2] Section 912(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912(3), states that a variance shall not be granted where the hardship has been created by the appellant.