In Re: Appeal of Grace Building Co., Inc., From the Decision of the Zoning Hearing Board of Bensalem Township, Bucks County, Pennsylvania. Zoning Hearing Board of Bensalem Township *v.* Grace Building Co., Inc., Appellant.

Argued September 29, 1978, before Judges MEN-CER, ROGERS and CRAIG, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*John Potkai,* with him *Emil F. Toften,* for appellee.

OPINION BY JUDGE CRAIG, January 5, 1979:

This zoning appeal by landowner Grace Building Co., Inc. involves an application to build a single-family dwelling on a lot which is too small under the present zoning of Bensalem Township in Bucks County, but which had been held in ownership separate from that of neighboring properties before the original adoption of zoning.

The Bensalem Zoning Ordinance (Ordinance) was first enacted in 1954, at which time the lot in question had been long owned by a Patrick McGonagle wholly separate from the ownership of any adjoining premises.

The lot, located in an R-2 Residence District in which single-family dwellings are permitted, has an area of 4,000 square feet and a width of 40 feet. Section 502 of the Ordinance requires a minimum of 7,500 square feet, minimum width of 60 feet, side yards not less than 9 feet each and aggregating 20 feet, and front and rear yards of 25 feet each. The landowner acquired the lot by tax sale in 1957 and, in 1969, applied for a permit to build a single-family dwelling on it. In addition to the shortcomings of the lot with respect to width and total area, the width of the proposed residence, to be 24 feet, would require that the side yards be eight feet each, aggregating 16 feet instead of 20 feet.

Of some importance here is Subsection 1101.1 of the Ordinance. That subsection, in its entirety, reads as follows:

Section 1101. Non-conforming Lots.

1. Held in Single and Separate Ownership. A building may be erected or altered on any lot held at the effective date of this Ordinance in single and separate ownership which is not of the required minimum area or width or is of

such unusual dimensions that the owner would
have difficulty in providing the required open
spaces for the district in which such lot is situ-
ated, provided (a) that plans for the proposed
work shall be approved by the Board of Adjust-
ment after review of such plans to assure rea-
sonable compliance with the spirit of the zoning
regulations for the district, and (b) that, where
sanitary sewers are not accessible and utilized,
construction cannot be begun unless the sewage
and water supply facilities are certified as ade-
quate by the appropriate governmental health
agency.

The Bensalem zoning officer refused the applica-
tion, and the landowner appealed to the Bensalem
Township Zoning Hearing Board (Board) with an ap-
peal form in which the landowner made specific refer-
ence to Section 1101.1 above, but also expressly re-
quested a variance for hardship reasons, even though
the cited subsection is plainly a special exception pro-
vision.[1] The Board denied a variance, making no de-
cision as to the special exception, Subsection 1101.1.
The landowner then filed an appeal, apparently time-
ly, with the Bucks County Court of Common Pleas.

By two orders, dated February 2, 1970 and August
10, 1971, that court remanded the case to the Board.
The second of those orders directed the Board to
"schedule a further hearing for the purpose of receiv-
ing testimony. . . ."[2]

---

[1] Section 913 of the Pennsylvania Municipalities Planning Code,
Act of July 31. 1968, P.L. 805, *as amended*, 53 P.S. §10913, clearly
defines a special exception as a matter which the ordinance sets
forth to be granted or denied by the board, pursuant to express
standards and criteria. Subsection 1101.1 meets that definition.

[2] The landowner vaguely claims that the permit should be
deemed to be approved under Section 908(9) of the Pennsylvania.
Municipalities Planning Code, 53 P.S. §10908(9), on the ground that
the board's *first* decision was rendered more than 45 days after

After a subsequent board hearing in November, 1971, the Board denied a variance, with no decision as to the special exception.

Subsequently, the Common Pleas Court, by order dated April 9, 1974, expressly "determined that the record is adequate," referring to the record made by the Board in that November, 1971 hearing.

The lower court took no additional testimony. Although the court had earlier directed the Board to receive "testimony" and had then expressly characterized the final record certified by the Board to be "adequate," the court finally held that the record was nevertheless inadequate from the standpoint of the landowner, and that the appeal should be dismissed, because the landowner's presentation at the final board hearing consisted solely of statements by counsel without any sworn testimony. The failure of the Board itself to obtain any sworn testimony is marked by the fact that opposing parties also presented their statements without being sworn.

In *Borough of Glenfield v. C & E Motors, Inc.*, 22 Pa. Commonwealth Ct. 115, 347 A.2d 732 (1975) we held that a colloquy by legal counsel, without the presentation of sworn testimony, does not constitute evidence in a zoning board proceeding, and we there remanded the matter to the Board.

Here the court below, reasonably trying to avoid another remand, considered the facts as presented informally by landowner's counsel and dismissed the appeal on the merits, holding that denial of a variance was proper because the hardship, if any, was self-inflicted by reason of landowner's purchase of the lot

---

the last hearing. The parties (and the record) do not agree on the date of the last hearing. In any event, the landowner waived the point by proceeding thereafter on the merits in the board hearing following the remand by the court below.

at a tax sale, at a time when its nonconformity with the 1954 zoning requirement was apparent.

However, we here conclude, with reluctance, that the best course would be to vacate the order below and direct a remand to the Board again, hopefully for the last time, not only because of the absence of proper evidence, but also because a decision as to a special exception under Subsection 1101.1 should be made in view of the reference to that subsection in the original appeal.

The state of the record made on behalf of the landowner, both before the Board and the court, is such that we can understand why the Board and the court did not expressly treat the special exception issue, yet there is sufficient reference so that we cannot definitively say that the issue was not raised.

As we did in *Swift v. East Hempfield Township Zoning Hearing Board*, 20 Pa. Commonwealth Ct. 87, 340 A.2d 592 (1975), in remanding this case to the Board, we offer points for consideration.

As to Subsection 1101.1, we note that proof of hardship is not required for a special exception. *Gage Zoning Case*, 402 Pa. 244, 167 A.2d 292 (1961). Hence, no question of any hardship self-imposed by reason of the purchase subsequent to zoning can be involved under Subsection 1101.1.

Moreover, as to the variance request, we note that our decision in *Jacquelyn v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1974) does hold that a lot held in separate ownership is normally entitled to such variance as is necessary to permit the lot to be used at least for a modest single-family dwelling. We also note that a subsequent purchaser can succeed to the position held by the pre-zoning owner, as was indicated by our *Jacquelyn* decision where the applicants were equitable owners under agreement to purchase after the zoning requirements had taken

effect. As we indicated in the *Swift* decision, *supra,* even a subsequent owner who acquired by way of tax sale can be entitled to the variance.

Finally, we note that, in *Schaaf v. Zoning Hearing Board,* 22 Pa. Commonwealth Ct. 50, 347 A.2d 740 (1975) we held that, in such circumstances, acquisition subsequent to zoning does not constitute self-imposition of the hardship because the hardship is not created by the purchase itself.

Certainly, the mere fact that property changes hands after the adoption of zoning cannot be a basis for holding that no variances can thereafter be granted with respect to any matter of which the purchaser could be aware. Because zoning considerations relate primarily to the circumstances of the property and not to the identity of the owners, it would seem that subsequent purchasers can stand in the shoes of the original owner with respect to a variance, provided that the claimed hardship does not arise out of the purchase itself, as was the case in *McClure Appeal,* 415 Pa. 285, 203 A.2d 534 (1964), where the alleged hardship arose out of the purchase price paid, or as in *Zoning Hearing Board v. Petrosky,* 26 Pa. Commonwealth Ct. 614, 365 A.2d 184 (1976), where the physical size and shape of the land was affected by the purchase transaction itself. See the explanation of the principle by Judge BLATT in *Harper v. Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 93, 97-98, 343 A.2d 381, 384 (1975).

For these reasons, and because we must put an end to imposing upon the courts the burden of remedying the insufficient records created by the parties themselves, we reverse the order below and remand the matter with instructions that the court below return the case to the Board for the making of a proper record *upon sworn testimony,* considering the application of Subsection 1101.1 of the Ordinance, referred to in

the initial appeal form, and, if necessary to go further, the matter of a variance, all in accordance with the views set forth in this opinion.

## ORDER

AND Now, this 5th day of January, 1979, the order of the Court of Common Pleas of Bucks County, dated January 7, 1977, is reversed and the case is remanded to that court, with directions to remand the same to the Zoning Hearing Board of Bensalem Township in accordance with this opinion.