H. A. Steen Industries, Inc. *v.* The Zoning Hearing Board of Bensalem Township. Bensalem Township, Appellant.

H. A. Steen Industries, Inc., Appellant *v.* The Zoning Hearing Board of Bensalem Township, Appellee.

Argued October 4, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*David H. Moskowitz,* of *Moskowitz & Zamparelli,* P.C., with him *Emil F. Toften & Associates,* for appellee.

OPINION BY JUDGE MENCER, January 11, 1980:

Bensalem Township (Township) and H. A. Steen Industries, Inc. (applicant) cross appeal from an order of the Court of Common Pleas of Bucks County which reversed the decision of the Bensalem Township Zoning Hearing Board (Board) and granted a variance to the applicant to erect a billboard. We affirm the lower court's order.[1]

---

[1] The applicant appeals to preserve the issue raised but not answered below concerning the constitutionality of the Township ordinance regarding billboard regulation. Since we affirm the lower court's decision to grant a variance, we need not reach this issue. *See H. A. Steen Industries, Inc. v. Zoning Hearing Board,* 39 Pa. Commonwealth Ct. 451, 396 A.2d 66 (1978).

The applicant, a corporation engaged in the business of outdoor advertising, seeks to erect a double-faced billboard on a narrow strip of land, roughly 33 feet by 395 feet, which remained following eminent domain proceedings for the construction of Interstate Highway 95. It is an unimproved, landlocked property bordered by the interstate highway on one side and Conrail railroad tracks on the other. The property is zoned M-1, Manufacturing and is surrounded by industrial zones except for a mixed manufacturing and residential zone across the interstate highway. Billboards are only permitted in an H-C, Highway Commercial zone.

The Township argues that the applicant failed to meet its burden of proving an unnecessary hardship, *i.e.*, that there was no possibility that the property could be used in strict conformity with the provisions of the zoning ordinance and that the variance is necessary to enable reasonable use of the property. *See J. Richard Fretz, Inc. v. Hilltown Township Zoning Hearing Board*, 18 Pa. Commonwealth Ct. 471, 473-74, 336 A.2d 464, 465-66 (1975). Although there is no direct testimony indicating that the property cannot be used in conformity with the ordinance and that a billboard is the only reasonable use, it is evident from the very description of the property that a manufacturing or other permitted use is essentially impossible. The property is only 33 feet wide at its widest point. Access exists only through an agreement with the railroad and is limited to one day per month. In fact, it appears from the decision of the Board that it recognized the existence of a hardship.

The Township argues, however, that any hardship was self-imposed because the applicant had knowledge of the unique character of the land and the zoning regulation when it purchased the property and, there-

fore, the variance was not justified. This was the Board's conclusion.

We have held that the mere fact that one purchases property with knowledge of the hardship does not necessarily preclude a variance. *See Franklin Towne Realty, Inc. v. Zoning Hearing Board*, 37 Pa. Commonwealth Ct. 632, 391 A.2d 63 (1978); *Harper v. Zoning Hearing Board*, 21 Pa. Commonwealth Ct. 93, 343 A. 2d 381 (1975). As Judge CRAIG said in *Zoning Hearing Board v. Grace Building Co.*, 39 Pa. Commonwealth Ct. 552, 558, 395 A.2d 1049, 1052 (1979):

> Certainly the mere fact that property changes hands after the adoption of zoning cannot be a basis for holding that no variances can thereafter be granted with respect to any matter of which the purchaser could be aware. Because zoning considerations relate primarily to the circumstances of the property and not to the identity of the owners, it would seem that subsequent purchasers can stand in the shoes of the original owner with respect to a variance, provided that the claimed hardship does not arise out of the purchase itself, as was the case in McClure Appeal, 415 Pa. 285, 203 A.2d 534 (1964), where the alleged hardship arose out of the purchase price paid, or as in Zoning Hearing Board v. Petrosky, 26 Pa. Commonwealth Ct. 614, 365 A.2d 184 (1976), where the physical size and shape of the land was affected by the purchase transaction itself. See the explanation of the principle by Judge BLATT in Harper v. Zoning Hearing Board, 21 Pa. Commonwealth Ct. 93, 97-98, 343 A.2d 381, 384 (1975).

The record in this case clearly indicates that the applicant did not create the hardship which it contends justifies the variance. Further, in cases involving similar small, irregular parcels of land, we have held

that the denial of a variance is essentially a denial of productive use of the land, as opposed to denial of a more profitable use, and as such is a substantial hardship justifying a variance. *Poster Advertising Co. v. Zoning Board of Adjustment,* 408 Pa. 248, 182 A.2d 521 (1962); *H. A. Steen Industries, Inc. v. Zoning Hearing Board, supra* note 1. Therefore, in this case, where the property is so unique as to essentially preclude any reasonable productive use other than advertising and where the applicant did not create the hardship attached to the property, the lower court correctly concluded that the Board abused its discretion in denying the variance on the ground that the hardship was self-imposed. *Cf. Franklin Towne Realty, Inc. v. Zoning Hearing Board, supra; Schaaf v. Zoning Hearing Board,* 22 Pa. Commonwealth Ct. 50, 347 A.2d 740 (1975) (this court upheld lower court's reversal of zoning hearing board's denial of dimension variances where applicants had knowledge of hardship when property was purchased); *Borough of Ingram v. Sinicrope,* 8 Pa. Commonwealth Ct. 448, 303 A.2d 855 (1973) (this court upheld lower court's reversal of zoning hearing board's denial of use variance where applicant had knowledge of hardship when property was purchased).

Finally, the Township raises a question about the interpretation of the lower court's order which provides that ''[s]uch variance shall represent the least modification possible of the restrictions imposed by the zoning ordinance'' as it relates to the application for a double-faced billboard. As we discussed in *H. A. Steen Industries, Inc. v. Zoning Hearing Board, supra* note 1, at 455-56, 396 A.2d at 68, the order purports to require a billboard to be constructed insofar as possible in conformity with the ordinance provisions relating to the regulation of billboards.

Order affirmed.

474

### ORDER

AND Now, this 11th day of January, 1980, the order of the Court of Common Pleas of Bucks County, dated November 8, 1978, directing that a variance be granted to H. A. Steen Industries, Inc., to erect a billboard on land described in its application, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.