## Township of Haverford v. Zoning Hearing Board of Haverford Township et al.

### Joseph J. Burrowes, Helen Burrowes, I. Howard Carson, Geraldine Carson, Joseph G. Melvin and Virginia Melvin, Appellants.

Argued October 10, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John T. Mulligan, Lord & Mulligan,* for appellants.

*Harry F. Dunn, Jr., Class, Saulnier, Dunn, Abel and Miller,* for appellee.

OPINION BY JUDGE CRAIG, December 9, 1980:

Appellants, as objectors, bring this case from the Court of Common Pleas of Delaware County, which affirmed the action of the Zoning Hearing Board of

Haverford Township (board) granting variances to Delchester Development Company.

The subject property is a tract of about 1.5 acres located on Township Line Road in Haverford Township; the R-4 zoning classification permits only single-family dwellings. A sewer easement crosses the western part of the tract, which portion slopes rather steeply to a stream which traverses the property. Because of the limited capacity of the conduit through which the stream flows under Township Line Road, parts of the property flood periodically.

Considering the property unsuitable for development conforming to the R-4 zoning classification, Delchester applied for a variance to permit the use of the property for the development of a medical office building. Delchester also sought variances with respect to off-street parking requirements, in terms of both quantitative and spatial location criteria of the zoning ordinance.[1]

Over objectors' protests, the board granted the requested variances, subject to certain conditions unrelated to the issues here.

---

[1] The developer designed the building to provide customary space for thirteen physicians of varying practices and specialties, and space for a licensed physical therapist. Because the therapist was to occupy approximately the same area as any of the physicians, and was to practice independently of them, the developer treated the therapist as a fourteenth physician for the purpose of calculating parking requirements. Based on the fourteen "doctor" capacity of the proposed building, the ordinance requires a minimum of 70 parking spaces. Because of the size and location of the proposed building on the tract, that number could not be approached in conformity with the rear-parking-only requirement applicable to 0-2 districts, which the developer employed as shorthand for the proposed use departure from the applicable residential classification. Thus the developer sought and received a variance to permit parking also at the side and front of the building, and a variance to permit the provision of only 63 spaces in all.

Because the common pleas court affirmed the board without taking new evidence, our review is to determine whether the board abused its discretion, committed errors of law, or made findings unsupported by substantial evidence in the record. *McCarron v. Zoning Hearing Board of the Borough of Lansdale*, 37 Pa. Commonwealth Ct. 309, 389 A.2d 1227 (1978).

Objectors raise two issues under Section 912 of the Pennsylvania Municipalities Planning Code (MPC),[2] claiming that any hardship has been self-created[3] and that the variances as granted do not constitute the minimum variances necessary to alleviate the claimed hardship.[4]

On the first issue, we cannot consider the relevant hardship to be self-created. The predominant factors precluding residential development of the parcel are the topography and the high improvement cost which would be associated with the stream on the property. Both Delchester's and objectors' expert witnesses testified that the land was therefore not suitable for residential usage; thus substantial evidence supports the board's conclusion in this respect, and we will not disturb it.

Objectors also make the familiar contention that the hardship is self-imposed because Delchester has come upon this property with a full awareness, not only of the site improvement difficulties, but also of the boundary configuration which has resulted from subdivision previously accomplished by the predecessor in title, who was the mother of those who control the developer corporation. That contention has no

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

[3] MPC Section 912(3), 53 P.S. §10912(3).

[4] The fifth criterion of Section 912, 53 P.S. §10912(5), requires, where relevant, a finding that "the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation at issue."

legal force here. The mere fact that one acquires property with a knowledge of the hardship does not preclude a variance, unless the acquisition itself gave birth to the hardship, which is clearly not the situation here. *H. A. Steen Industries, Inc. v. Zoning Hearing Board of Bensalem Township,* 48 Pa. Commonwealth Ct. 469, 472, 410 A.2d 386, 387 (1980); *Zoning Hearing Board v. Grace Building Co.,* 39 Pa. Commonwealth Ct. 552, 558, 395 A.2d 1049, 1052 (1979).

However, with reference to the minimum variance questions, we must remand to the board.

Section 908 of the MPC[5] requires that, where an application is contested, the board must accompany its decision with factual findings and resultant conclusions, and the reasons therefor. Section 912 requires findings to be made on its five variance criteria "where relevant in a given case."

The record indicates that the minimum variance issue was at the core of objectors' contest. Indeed, the testimony reveals that opposition to the use variance itself was far less insistent than opposition to the size and capacity of the proposed building and its resulting parking.

Only two statements in the board's decision could even arguably be considered findings on this issue. One is a categoric statement that the "standards for granting a variance have been met", a statement which does not suffice in view of the substantial controversy over the precise issue of the minimum variance necessary to alleviate the hardship.

> The second is the board's statement that it based its decision to grant variances for parking on the front and side and to reduce parking from 70 to 63 spaces on the fact that these variations are relatively minor ... The Board was willing

---

[5] 53 P.S. §10908.

to accept the 0-2 provisions for parking as a starting point because the use variance question was resolved ... on that basis.

Viewed in isolation, the parking variances granted might indeed be minor; however, that conclusion does not address the basic question of whether the capacity of the proposed building, from which the parking needs emanate, is itself the minimum necessary to alleviate the hardship justifying the use variance in the first instance. The relevant starting point is the unsuitability of the property for development under the R-4 classification, and not any inability to meet the parking requirements applicable to a conforming use within an 0-2 district.

The board erred by not making findings on this basic issue plainly relevant to the application before it; the court below should remand the case to the board to satisfy the interrelated requirements of Sections 908 and 912.[6]

"[O]ur responsibility in judicial review is not to draw independent inferences from [the record] either to support a reversal or to affirm the granting of the [variance]." *Mill-Bridge Realty, Inc. v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 157, 161, 286 A.2d 483, 486 (1972). Although objectors here have specifically addressed the minimum variance issue as such, rather than just the absence of findings, "we cannot ignore this failure as compliance by the Board is essential to our reviewing responsibility." *Mill-Bridge, supra,* at 162, 286 A.2d at 486. The absence of findings simply precludes us from resolving the issue.

---

[6] Although the common pleas court's opinion recites that the board did make findings on the minimum variance point, we cannot agree, for the reasons stated. Nor can we consider the common pleas court's statement to that effect to be such a finding, because our function here is to review the board's adjudication and not the court's disposition of the initial appeal.

Therefore, we will reverse the common pleas court and return this case to it, for remand to the board to make a finding or findings as to whether or not the proposed structure is the minimum necessary to enable the reasonable use of the property, to express reasons for the determination made, and to decide the application accordingly.

ORDER

AND Now, this 9th day of December, 1980, the October 25, 1979 order of the Court of Common Pleas of Delaware County at No. 79-4704, is reversed, and this case is returned to that court for remand to the Zoning Hearing Board of Haverford Township to make a finding or findings as to whether or not the proposed structure is the minimum necessary to enable the reasonable use of the property, to express reasons for the determination made, and to decide the application accordingly.