Peter Vitale et al. *v.* Zoning Hearing Board of Upper Darby Township et al. Nicholas Micozzie, Appellant.

Argued November 18, 1981, before President Judge CRUMLISH and Judges MACPHAIL and PALLADINO, sitting as a panel of three.

*Joseph P. Mylotte, Curran, Mylotte, David & Fitzpatrick,* for appellant.

*Henry B. Fitzpatrick, Jr., Liebert, Short, Fitzpatrick & Lavin,* for appellees.

OPINION BY JUDGE MACPHAIL, January 5, 1982:

Nicholas Micozzie (Appellant) has appealed to this Court from an order of the Court of Common Pleas of Delaware County, which reversed the decision of the Zoning Hearing Board of Upper Darby Township (Board) and granted a variance to Appellees[1] for the construction of forty-four apartment units on a 3.21-acre tract.

The record discloses that the tract in question is located in an R-1 residential district which permits single family detached dwellings as the only permissible residential structure.[2] The tract is bounded on the south by a nursing home, on the east by Darby Creek and across the creek by the Mercy Catholic Medical Center, on the west by four single family dwellings, one of which is owned by Appellees, and on the north by a 200-unit apartment complex also owned by Appellees and developed pursuant to a use variance. The tract is landlocked and has as its primary topographical feature a 65-foot slope, down to Darby Creek at up to a 20% grade. The slope occurs over approximately 200 feet of the 420-foot east-west dimension of the property.

Appellees' application for a use variance was denied after two hearings before the Board on the grounds that Appellees failed to establish that the

---

[1] Peter Vitale, Anthony D'Antonio, Thomas Pinelli and John Trevisan, t/a Lansdowne Towers Company.

[2] Also permitted in the R-1 district are public and religious schools, religious uses, including dormitories for educational and religious institutions, municipal uses, railway passenger stations and telephone central offices.

variance requested was the minimum necessary to provide relief and that any unnecessary hardship was self-created since Appellees purchased the subject property knowing of its zoning restrictions. Appellees appealed to the court of common pleas which reversed, concluding that Appellees had established that unnecessary hardship existed under the R-1 zoning restrictions as a direct result of unique physical features of the land, that there was no self-created hardship, that Appellees need not establish that the variance requested was the minimum needed to afford relief and that the proposed apartments would not adversely affect the surrounding community.

In his appeal to this Court, Appellant contends that the Board acted within its discretion and in accordance with law in denying Appellees' variance application.

Before we address the merits of this appeal, however, we must respond to Appellees' renewed request that this appeal be quashed on the ground that Appellant lacks standing in this Court. Appellees previously filed a motion to quash in this matter which was denied, after oral argument, on April 30, 1980 by this opinion writer. It is a general rule that it is improper for a trial judge, absent new evidence, to overrule an interlocutory order by another judge of the same court in the same case. *Commonwealth v. Tyson*, 57 Pa. Commonwealth Ct. 569, 427 A.2d 283 (1981). We adopt the same rule with regard to pre-argument applications filed with this Court. In the interest of judicial economy and efficiency there must be a degree of finality to determinations on pre-argument motions. *See Commonwealth v. Eck*, 272 Pa. Superior Ct. 406, 416 A.2d 520 (1979). We, accordingly, will not review the order of this Court denying Appellees' motion to quash.

Turning to the merits of the appeal before us, where, as here, the court of common pleas did not take

additional evidence, our review is to determine if the Board abused its discretion, committed errors of law, or if its findings are not supported by substantial evidence in the record. *Township of Haverford v. Zoning Hearing Board of Haverford Township,* 55 Pa. Commonwealth Ct. 209, 423 A.2d 757 (1980).

Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912 sets forth five requirements which must be satisfied before a variance may be granted: 1) the property must possess unique physical conditions which create an unnecessary hardship in complying with the applicable zoning regulations; 2) that due to those physical conditions a variance is necessary to enable reasonable use of the property; 3) that the unnecessary hardship is not self-created; 4) that the grant of a variance would not alter the character of the neighborhood, impair appropriate use of adjacent property or be detrimental to the public welfare; and 5) that the variance represents the minimum variance that will afford relief and will least modify the applicable zoning regulation.

Unnecessary hardship may be established by proof "that the physical or topographical features of the property are such that it cannot be used for the permitted purpose or that the physical features are such that the property can be arranged for such use only at a prohibitive expense. *Marlowe v. Zoning Hearing Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224, 232, 415 A.2d 946, 950 (1980).

We think it is clear, as the court below found, that unnecessary hardship has been established in this case. Appellees produced expert testimony that only seven single family dwellings could be developed on the tract and that access would have to be acquired by demolishing the house owned by Appellees which is contiguous

to the subject tract and constructing a road through to the now land-locked property.[3] The cost of each house, including substantial sub-foundation work, necessary due to the slope of the property, and a pro rata share of the access road costs, was estimated at $92,837.50. Recent home sales in the vicinity ranged from a low of $23,500 to $50,000. While a mere showing of economic hardship will not justify the grant of a variance, *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974), we believe that the predominant reasons that residential development is precluded here are the topography of the property and the fact that it is landlocked. We conclude that unnecessary hardship has been established.

Furthermore, in our opinion the hardship was not self-created. "The mere fact that one acquires property with a knowledge of the hardship does not preclude a variance, unless the acquisition itself gave birth to the hardship. . . ." *Township of Haverford,* 55 Pa. Commonwealth Ct. at 213, 423 A.2d at 759. There is no evidence in the record that Appellees paid an unduly high price for the property with the expectation that a variance would justify that price. Nor was the size and shape of the tract affected by the transaction itself. *See Marlowe.* The Board's conclusion that the hardship was self-inflicted was, therefore, in error.

Since we are satisfied that the requirements of Section 912(4) of the MPC have also been met in this case, we must finally determine whether the variance requested by Appellees is the minimum variance that

---

[3] Alternatively, access could be achieved by the grant of an access easement by the existing apartment complex to the north of the tract. An expert testified, however, that lending institutions would not favor such an arrangement, and that as a result it would be unlikely that financing could be obtained.

will afford relief. We think it is clear that Appellees are entitled to a use variance to build apartments unless Section 912(5) of the MPC, which requires that the variance be the "minimum" necessary to allow a reasonable use of the property, has not been met. We have stated, for example, that the argument that a 900-unit apartment complex is the minimum use variance necessary to develop a tract which would otherwise be developed with 37 single-family homes is patently untenable. *A & D, Inc. v. Zoning Hearing Board, East Nottingham Township,* 32 Pa. Commonwealth Ct. 367, 379 A.2d 654 (1977). Similarly, in *Township of Haverford* we remanded to the board to determine whether the capacity of a proposed medical office building was the minimum necessary to alleviate the unnecessary hardship. Thus, we must disagree with the court below that Section 912(5) is irrelevant to this case. *All* of the substantive requirements of Section 912 must be established before a variance may be granted. *Kernick v. Penn Hills Zoning Hearing Board,* 56 Pa. Commonwealth Ct. 512, 425 A.2d 1176 (1981).

The Board concluded that the requirements of Section 912(5) of the MPC were not satisfied in this case, presumably because a "feasibility study to determine the economic breaking point for the development of this tract was not done." Although a feasibility study might have been helpful in this case, we believe that it was not essential and that Appellees have carried their burden with respect to Section 912(5). Both Appellees' architect and John Trevisan, one of the Appellees, testified that a 44-unit complex was needed for economic feasibility. Mr. Trevisan testified further that Appellees initially did not believe that 44-units would be sufficient to be economically feasible and that they did not anticipate short-term profits on the project. We conclude that the uncontradicted evidence in the record is sufficient to sustain Appellees' burden.

Although not previously discussed, Appellees have also applied for a dimensional variance with respect to side yard requirements for the proposed apartment complex. The Board made no findings with regard to this aspect of the application and we must, therefore, remand for consideration of whether the dimensional variance should be allowed. We note that in considering this request the ordinance regulations for *apartments,* not single-family homes, should be used in determining whether dimensional variances are needed or justified. *See H. A. Steen Industries, Inc. v. Zoning Hearing Board of Bensalem Township,* 48 Pa. Commonwealth Ct. 469, 410 A.2d 386 (1980).

We, accordingly, will affirm the order of the court of common pleas and remand for further proceedings consistent with the foregoing opinion.

### ORDER

AND Now, this 5th day of January, 1982 the order of the Court of Common Pleas of Delaware County, No. 79-6259, dated January 31, 1980, is hereby affirmed and the case is remanded for proceedings consistent with the foregoing opinion.

Judge PALLADINO dissents.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.