Township of Haverford *v.* Zoning Hearing Board of Haverford Township et al.

Joseph J. Burrowes and Helen Burrowes et al., Appellants.

Argued November 19, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*John T. Mulligan, Lord & Mulligan,* for appellants.

*Harry F. Dunn, Jr., Dunn and Miller,* for appellee.

OPINION BY JUDGE CRAIG, January 20, 1982:

We earlier remanded this zoning appeal to the Common Pleas Court of Delaware County and the Zoning Hearing Board of Haverford Township so that the board could make findings expressly affirming or negating whether the 14-tenant medical building allowed by the board through the granting of use and parking variances, on property in an R-4 multi-family residential zone, was "the minimum variance that will afford relief and will represent the least modification possible of the regulation at issue." Section 912(5)

of the Pennsylvania Municipalities Planning Code (MPC).[1]

Thereafter the board, without receiving any more testimony, proceeded to adopt additional findings and discussion purporting to support the variance decision, the court of common pleas again affirmed,[2] and we now have the case again.

The board's key new finding reads:

9. The improvement costs which result from the physical characteristics of the subject property are such that a building of the size proposed by the applicant is necessary to allow reasonable use of the property.

The board's discussion, after remand, also stated:

Based upon the severe physical limitations of the property which render most of it nonusable for any use, the small portion of the lot which will be covered by the proposed building and the economic constraints which are caused by these factors, the Board believes the proposed structure is the minimum which will allow a reasonable use of the subject property.

The determinative issue before us is whether those findings, which on their face meet the criterion of the MPC, are supported by substantial evidence in the record. *McCarron v. Zoning Hearing Board of the Borough of Lansdale,* 37 Pa. Commonwealth Ct. 309, 389 A.2d 1227 (1978).

The pertinent evidence in the record consists of conflicting opinions rather general in tone. On the developer's side we find:

Q. Did you give some consideration when you arrived at the idea of using it for medical

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912(5).

[2] The court of common pleas, contrary to the requirement of Pa. R.A.P. 1925(a), has not given us the benefit of any further opinion in support of its second affirmance order.

offices to having offices that were smaller in size than that which is proposed here?

A. Yes, we did. As a matter of fact, however, again, the improvement cost was one factor. However, there was a much more determinative factor and that was that in trying to merchandize the office building to individual doctors we were running into opposition both in terms of quantity and quality of the people that we were talking to basically. . . .

Later the same witness said:

At one point we did talk about a small office building, a general office building. However . . . because, again, of the difficulty in occupying a building and renting a building like this, for example, we just felt this was a lot better approach all the way down the road. . . .

Another developer's witness testified that the number of tenant units reached fourteen in order to accommodate, for the medical building, ancillary services such as radiology and physical therapy.

Against this evidence which stressed marketing limits and needs, the opinion testimony for the objectors was similarly general in approach. Consistent with the ultimate agreement, on both sides, that the property is unusable for residential development, the objector's expert acknowledged that a medical office building would be a good use, but he testified that the proposed one was "an over-use of the property", particularly in view of the necessity for a variance to allow parking in front of the building.

Evidently, in arriving at the necessary findings, the board has accepted the opinions from the developer's side, in the context of the location—a small shopping center being opposite the site—with the board also noting that the building would cover 10.6%

of the lot surface, about half of the maximum coverage allowable in either of the township's two office zoning district classifications.

Although such broad-brushed opinions are less convincing than alternative specific approaches might be, the fact that the testimony is general does not prevent it from being substantial. Choosing between the substantial opinion testimony from both sides, the board accepted the developer's opinions, and we must accept the board's determination primarily because this court would have no business substituting its preference for the board's in such a respect.

The decision is affirmed.

ORDER

Now, January 20, 1982, the order of the Court of Common Pleas of Delaware County dated March 31, 1981, is affirmed.

Judge PALLADINO did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I am not convinced that the record in this case supports a finding that the 14-tenant medical building allowed by the Zoning Hearing Board of Haverford Township, on property in an R-4 multi-family residential zone, was the minimum variance that will afford relief and will represent the least modification possible of the regulation at issue.

Certain questions immediately come to mind when one considers this matter. Could a different kind of use be established which would permit a smaller building and thus avoid the need for dimensional variances? If these offices were to be occupied by attorneys, a dentist, an engineer, or an accountant, could the building be smaller in size? Even if we concede that *only* a medical office building could be built on the prop-

erty in question, should we uphold the grant of a variance because of economic factors?

The developer testified that he would have difficulty in marketing a smaller building and that "because, again, of the difficulty in occupying a building and renting a building like this, for example, we just felt this was a lot better approach."

Variances should be granted sparingly and not merely to maximize economic gain. *See Levin v. Zoning Hearing Board of Radnor Township,* 11 Pa. Commonwealth Ct. 452, 314 A.2d 579 (1974).