Jerry Kutner, Appellant *v.* Zoning Board of Adjustment and Gilda Scarcia, Appellees.

Argued December 15, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*David B. Comroe, Robinson, Greenberg and Lipman,* for appellant.

*Kenneth L. Fox,* Assistant City Solicitor, with him *Jill A. Douthett,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for appellee, Zoning Board of Adjustment of Philadelphia.

*Carl K. Zucker,* for appellee, Gilda Scarcia.

OPINION BY JUDGE WILLIAMS, JR., September 8, 1983:

Appellant, Jerry Kutner, appeals from the order of the Court of Common Pleas of Philadelphia County

which affirmed a Zoning Board of Adjustment decision refusing Appellant's variance application for permission to erect a one story permanent enclosure of a swimming pool.

The subject property is situate in a district zoned "R-5" Residential. Under Section 14-206(2) of the Philadelphia Code (Code), property in the "R-5" Residential District must contain a minimum rear yard depth requirement of fifteen feet and a minimum side yard width requirement of eight feet.[1] Appellant, without first obtaining a zoning or use registration permit as required by the Code, constructed a one story, permanent enclosure of his existing swimming pool. The erected covering structure[2] allowed a rear yard depth and side yard width of approximately four feet. Upon twice being denied a permit by the Department of Licenses and Inspections, on April 30 and May 1, 1980, respectively, because the constructed enclosure violated the Code's minimum set-back requirements for property zoned "R-5" Residential, Kutner appealed to the Zoning Board of Adjustment (Board) for a grant of a variance.

Concluding, *inter alia*, that Kutner failed to present evidence necessary to satisfy the criteria for the

---

[1] Section 14-130(59) of the Code defines the terms "side yard" and "rear yard" as follows:

(b) *Side Yard*. A yard between any building or structure (not including fences) and the side line of the lot, or the nearest side line of a street, driveway or alley, extending from the front yard to the rear yard....

(c) *Rear Yard*. A yard, width of which is measured from one side line of the lot to another side line of the lot, located between the extreme rear line of any building or structure (not including fences) and the extreme rear line of the lot, or the nearest side line of a street, driveway or alley....

[2] The dimensions of the swimming pool enclosure structure are fifty-two feet by thirty-six feet by twelve feet.

granting of a variance as denominated under Section 14-1802(1)(a)-(1) of the Code, the Board, after a hearing, refused to grant Appellant's variance application. On appeal, the Court of Common Pleas of Philadelphia County, without taking additional evidence, affirmed the Board's decision.

This Court's scope of review in zoning appeals arising from variance application denials, where the lower court took no additional evidence, is to determine whether the Board abused its discretion, committed error of law or made findings which were not supported by substantial evidence. *Township of Haverford v. Zoning Hearing Board of Haverford Township*, 55 Pa. Commonwealth Ct. 209, 423 A.2d 757 (1980).

Appellant's sole contention is that the Board abused its discretion in refusing to grant a variance from Code provisions which establish minimum distance requirements for side yard width and rear yard depth. Appellant, however, has utterly failed to adduce any evidence before the Board sufficient to satisfy his burden of proving need for a variance.

Section 14-1802(1)(a)-(1) of the Code denominates twelve criteria which the Board shall consider in deciding whether to grant variance applications.[3] Subsection (3) of Section 14-1802 imposes upon the variance applicant "the duty of presenting evidence

---

[3] In *Bamash v. Zoning Board of Adjustment*, 11 Pa. Commonwealth Ct. 420, 422, 313 A.2d 370, 371-72 (1974), we stated:

Section 14-1802 of the Code has adopted as its criteria for the granting of a variance the criteria mandated by Pennsylvania case law. Myriad are the cases which hold that an applicant for a variance must prove that there exists unnecessary hardship unique or peculiar to his property and that the variance is not contrary to public health, safety or general welfare. In addition, the courts have held that a variance should only be granted in exceptional circumstances and the burden of proving its need is a heavy one. (Citation omitted.)

relating to the criteria set forth herein." (Footnote omitted.) A review of the record reveals that Appellant failed to present evidence sufficient to sustain his burden of proof under Section 14-1802.[4]

Finding no abuse of discretion by the Board in denying Appellant's application for a variance, we affirm the order of the Court of Common Pleas of Philadelphia County.

### ORDER

AND Now, this 8th day of September, 1983, the order of the Court of Common Pleas of Philadelphia County, dated November 12, 1981, is hereby affirmed.

---

[4] The record indicates that Appellant's testimony concerned exclusively the dimensions of the swimming pool enclosure and Appellant's erection of the structure prior to attempting to obtain the required permit from the Department of Licenses and Inspections. Apart from the testimony of the protestant-intervenor, no other testimony was elicited during the hearing. Further, except for the introduction of line drawings of the subject property and a copy of the deed, no other documentary evidence was proffered by Appellant.