IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dean and Michelle Weston,  :
t/d/b/a D & M Weston Trucking,  :
LLC  :
    v.  : No. 1537 C.D. 2024
          :
Hanover Township Zoning Hearing  : Submitted: March 3, 2026
Board and Hanover Township,  :
     Appellants  :


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE STELLA M. TSAI, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE McCULLOUGH       FILED: April 6, 2026

   This matter returns to us after remand. In *Weston v. Hanover Township Zoning Hearing Board* (Pa. Cmwlth., No. 1097 C.D. 2021, filed September 21, 2023) (unreported) (*Weston I*), this Court remanded the case to the Court of Common Pleas of Beaver County (trial court), with instructions to vacate the decision of the Hanover Township (Township) Zoning Hearing Board (ZHB), and remand to the ZHB to make new findings of fact and conclusions of law on the issue of whether Dean and Michelle Weston t/d/b/a D & M Weston Trucking, LLC (collectively, the Westons), established a variance by estoppel to operate their trucking company in a R-1 Rural Residential zoning district.

   On January 30, 2024, the ZHB issued a new adjudication affirming an enforcement notice, which notified the Westons that they were violating the Township's Zoning Ordinance (Ordinance)[1] by, *inter alia*, operating a commercial

---

[1] Hanover Township, Pa., Zoning Ordinance (1976), *as amended*.

trucking business from a garage on their property.[2]  The Westons were further directed to cease and desist from operating a commercial trucking venture at 102 Smith Drive, Clinton, Pennsylvania, effective immediately.

On August 15, 2024, the trial court issued an order reversing the ZHB's Adjudication which granted a variance by estoppel in favor of the Westons.  The ZHB and Hanover Township (Township) now appeal.  Upon review, we vacate the trial court's order reversing the ZHB's decision and remand to the trial court to conduct further proceedings consistent with this opinion.

## I.    **Background**[3]

The Westons own a property in the Township that is zoned R-1 Rural Residential.  On September 2, 2020, the Township issued an Enforcement Notice to the Westons, wherein the Township asserted that the Westons were operating a commercial trucking business on their property in violation of the Township's Ordinance.

The Westons timely appealed the Township's Enforcement Notice to the ZHB.  The Westons raised the Township's longstanding acquiescence to their trucking business and asserted the Township should be estopped from enforcing the Ordinance.  On October 26, 2020, the ZHB conducted a hearing on the Westons' appeal, at which the Township's Zoning Officer (Zoning Officer), the Westons, and several neighbors

---

[2] The Enforcement Notice also informed the Westons that they were in violation of the Ordinance by operating commercial vehicles on weight restricted roadways in the Township and failing to fully erect a fence within the one-year permit construction period.  Issues pertaining to these violations were resolved in *Weston I* and are not at issue here.

[3] This Court previously outlined the facts and procedural posture underlying this matter in *Weston I*, and the background summation contained in the instant opinion derives in part from the detailed account of the facts and procedure of the underlying matter, which account is incorporated herein by reference.  *See Weston I*, slip op. at 2-7.

testified. Dean Weston testified that he and his wife purchased the property in 2002 and they built the truck garage in 2004. He further testified that he personally obtained approval of and a permit to build the garage in 2004. The zoning officer at the time was Phil Reed, who has since passed away. (Notes of Testimony (N.T.), 10/26/20 at 38-41.)[4] Dean Weston indicated that he operated the trucking business from the property since before 2005. *Id.* at 50. He explained that the trucking business hauls asphalt, dirt, sand, and stone for construction projects. *Id.* at 52. There are four trucks that are stored in the garage on the property. *Id.* at 55. His drivers, including himself, leave with the trucks between 5:30 a.m. and 6:00 a.m. on workdays and typically return at the end of the workday, which is between 5:00 p.m. and 7:00 p.m. *Id.* He also testified that he applied for and received another permit in 2013 to construct an addition to the garage, and that during the permit process he told Mr. Reed about the commercial nature of the garage. *Id.* at 41-42, 45. The estimated cost to construct the garage, as listed on the permit, was $12,000. *Id.* at 46.

Michelle Weston testified that from 2003 to 2020, she and her husband operated the trucking company from their residence and stored their trucks in their garage, which is currently 32 feet by 60 feet, that they did not hide their activities, and that they never received any indication from the Township that their trucking business was not permitted. *Id.* at 72-73. Michelle Weston also read into the record a prepared statement, in which she asserted she and her husband spoke with Mr. Reed about their proposed use of the garage in 2003, before constructing the garage, and that Mr. Reed told them they were allowed to use the property in conjunction with their trucking business. She testified in this regard as follows:

---

[4] The transcript of the October 26, 2020 hearing is part of the record at 1097 C.D. 2021.

3

> **Michelle Weston**: [W]e have been in the trucking business since 2001. . . . We began getting the property ready in January of 2003. As my husband and his friend [were] working on the property, our neighbors . . . began giving my husband trouble about keeping trucks at our house.
>
> Dean then went to the [T]ownship and talked to Phil Re[e]d. He explained to him we had a business and [were] going to store the trucks on our property, but were not running a business out of the garage. The trucks would leave and come back once a day. Dean asked Phil Re[e]d if we needed to file any permits. He told us, no, and we were not doing anything wrong. . . .
>
> In February/March 2004, we wanted to build a garage for our trucks. We applied for the building permit, and Phil Re[e]d approved it.

*Id.* at 84-85. She further testified that they spent a lot of money on the garage to build the business and if they had to move, it would create a financial burden. *Id.* at 90.

The ZHB ultimately concluded the Westons were in violation of the Ordinance by engaging in a commercial venture on the property. It made no factual findings relating to the Weston's variance by estoppel claim.

On January 15, 2021, the Westons filed a notice of appeal in the trial court. The trial court reviewed the matter based upon the record before the ZHB and denied the Westons' appeal by order filed August 31, 2021. Despite the ZHB's lack of factual findings relating to the Westons' variance by estoppel defense, the trial court concluded the Westons were not entitled to a variance by estoppel.

The Westons appealed to this Court, arguing, among other matters not relevant to the instant appeal, that the ZHB erred in determining they had not acquired a variance by estoppel for their various activities and improvements related to their trucking business.

4

By memorandum decision issued on September 21, 2023, this Court agreed with the Westons that the trial court erred in concluding that the Westons did not establish a variance by estoppel because (1) the ZHB had made no findings of fact regarding the issue upon which the trial court could base its conclusion; and (2) the Westons had raised variance by estoppel as a defense to the zoning enforcement action. We explained that the Westons had, in fact, presented evidence before the ZHB including, but not limited to, their longstanding use of the property for commercial purposes, the Township's knowledge of that use, the Township's subsequent approval of permits for expansion of the use, and their investments in the property for business purposes – but the ZHB failed to evaluate that evidence under the mistaken belief the Westons had not properly raised the defense. *Weston I*, slip op. at 15-16. Accordingly, we remanded the case to the trial court with instructions to vacate the ZHB decision and remand the matter to the ZHB to make new findings of fact, and conclusions of law on whether the Westons have a defense, or a legally recognized excuse, including variance by estoppel, municipal acquiescence and/or vested rights, that would prevent the Township from enforcing the Ordinance. *Weston I*, slip op. at 16. We instructed that the ZHB was to consider only the record previously made before it and should not hold additional hearings or receive new evidence. *Id.*

The trial court, by order dated November 15, 2023, vacated the decision of the ZHB, in part, and directed the ZHB to issue new findings of fact and conclusions of law, consistent with this Court's September 21, 2023 memorandum opinion and order.

On January 30, 2024, the ZHB issued new findings of fact and concluded that the testimony of Dean Weston did not support the defense of variance by estoppel. The ZHB gave no weight to the testimony of Dean Weston because:

5

a. Testimony concerning a conversation that someone had with a dead person, who is unavailable to testify, is inherently suspect, consistent with the general purpose of the Deadman's Statute,[5] even if not covered by said Statute.

b. Mr. Weston specifically testified "Yes" and "Yes, I told him" in response to leading questions from his attorney. He did not affirmatively testify what exactly he told Mr. Reed, and he gave no testimony concerning what Mr. Reed told him.

c. The [ZHB] determines that it is extremely unlikely that Mr. Weston told Mr. Reed that he intended to use the garage for a commercial trucking business with noise, dust, vibrations and odor or that Mr. Reed told Mr. Weston you can use the garage for a commercial trucking business in a residential neighborhood. However, the Westons offered no testimony concerning the details of this conversation.

d. Finally and perhaps most importantly, the application that the Westons filed for a building permit on January 28, 2012, which is the Best Evidence concerning this issue, has a blank line next to the word "commercial", which would indicate that the Westons did not inform anyone that they intended to use the garage and the property for a commercial trucking business.

(ZHB Adjudication on Remand, 1/30/24, Findings of Fact (FOF) 14(a)-(d).)

The Westons appealed to the trial court. On August 15, 2024, the trial court concluded that the Westons had established the defense of equitable estoppel. The trial court assailed the ZHB's findings of fact because it only addressed information provided by Dean Weston at the October 26, 2020 hearing and did not recognize or consider the information provided by Michelle Weston. The trial court found that Michelle Weston's testimony

---

[5] Section 5930 of the Judicial Code, 42 Pa.C.S. § 5930.

6

clearly lends support to an equitable defense, such as equitable estoppel, including a long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, and that the [Westons] acted in good faith and relied innocently upon the validity of the use throughout [and that the Westons] made substantial expenditures in reliance upon that [b]elief and that the denial of the variance would impose an unnecessary hardship.

(Trial Ct. Op., 8/15/24, at 15-16.) Based upon those findings, the trial court concluded that the ZHB's decision was not supported by substantial evidence because it failed to consider the evidence presented by Michelle Weston in this regard, and, in fact, disregarding it in its adjudication. The trial court did not believe a further remand to the ZHB was warranted because

> **[the ZHB] has now been given two opportunities to address this matter, and the [trial c]ourt does not believe under these circumstances that a remand is appropriate**. This manifest abuse of discretion is apparent and warrants that this [c]ourt find that the record reflects that [the Westons] have sustained their burden in this appeal by establishing a defense of equitable estoppel, that [the Westons'] appeal is sustained, that the [ZHB's] decision is not supported by substantial evidence (see 2 Pa. C.S.[] § 754) and is reversed and that the requested variance is granted.

*Id.* at 16 (emphasis added). The Township and the ZHB now appeal.

## II. Issues

On appeal,[6] the Township and ZHB argue that the trial court abused its discretion by finding that the Westons established the defense of variance by estoppel. Specifically, they contend that the ZHB determined that the evidence presented at the

---

[6] "Where, as here, the litigant's central contention is that the intermediate court utilized an incorrect standard in reviewing a discretionary decision, the claim is, in its central aspect, one of legal error. It thus implicates *de novo* review of the analysis of that tribunal, while also taking into account the necessity for deferential review of the decision of the agency or court of original jurisdiction." *Kneebone v. Zoning Hearing Board of Township of Plainfield*, 276 A.3d 705, 736 (Pa. 2022).

7

hearing was not credible, and the trial court erred by disturbing this decision and substituting its credibility determinations for those of the ZHB.

### III.    Analysis

The doctrine of variance by estoppel applies "when a property owner . . . has maintained a use of property contrary to the zoning laws for a long period of time. As the term suggests, the theory provides protection for uses that are contrary to the zoning law, but in which the municipality has acquiesced." *Springfield Township v. Kim*, 792 A.2d 717, 721 (Pa. Cmwlth. 2002). We recently summarized the well-established requirements for a variance by estoppel:

> [A] variance by estoppel is an unusual remedy under the law and is granted only in the most extraordinary circumstances. . . . [The factors to be considered are:]
>
> 1. A long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, in conjunction with some form of active acquiescence in the illegal use. However, a mere showing that a municipality has failed to enforce the law for a long period of time is insufficient in itself to support the grant of a variance. . . .
>
> 2. Whether the landowner acted in good faith and relied innocently upon the validity of the use throughout the proceedings. But in assessing whether a landowner's reliance upon municipal inaction is reasonable, a landowner is duty bound to check the property's zoning status. . . .
>
> 3. Whether the landowner has made substantial expenditures in reliance upon his belief that his use was permitted.

4. Whether the denial of the variance would impose an unnecessary hardship on the applicant, such as the cost to demolish an existing building.

[The] mere passage of time does not, in itself, entitle a property owner to a variance by estoppel. In those cases where we have granted a variance by estoppel, the municipalities have done more than passively stand by; they have committed some affirmative act, such as granting a building permit, which would reasonably lead a property owner to conclude that the proposed use was sanctioned under the law.

*In re: Wagner*, 339 A.3d 582, 592-93 (Pa. Cmwlth. 2025) (quoting *Skarvelis v. Zoning Hearing Board of Borough of Dormont*, 679 A.2d 278, 281-82 (Pa. Cmwlth. 1996)) (internal citations omitted). "[T]o prevail under the theory of variance by estoppel, [applicants] must establish all of the essential factors by clear, precise[,] and unequivocal evidence." *Id.* at 593 (citation, quotations, and emphasis omitted).

Here, the trial court concluded that the ZHB committed a manifest abuse of discretion by "not considering all of the evidence as directed by the Commonwealth Court." *Id.* Specifically, it faulted the ZHB for "only" addressing the information provided by Dean Weston and failing to "recognize or consider" the information provided by Michelle Weston. (Trial Ct. Op., 8/15/24, at 15.)

At that point, however, the trial court did not remand to the ZHB to consider Michelle Weston's testimony. Instead, the trial court went on to conclude that Michelle Weston's testimony at the October 26, 2020 hearing "clearly lends support to an equitable defense, such as equitable estoppel," including: (1) a long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation;" (2) the Westons' "good faith" reliance on the validity of the use; (3) the "substantial expenditures" the Westons made in reliance upon their belief that the

9

use was valid; and (4) the "unnecessary hardship" that would result if the variance was denied. *Id.* at 15-16. We are constrained to conclude that the trial court erred in its chosen course of action.

First, it is beyond cavil that when, as here, a trial court reviews a zoning hearing board decision without taking additional evidence, the trial court's role is strictly limited. The trial court may only determine whether the board abused its discretion or committed an error of law. *Szewczyk v. Zoning Board of Adjustment of City of Pittsburgh*, 654 A.2d 218, 222 n.5 (Pa. Cmwlth. 1995). Where the trial court takes no additional evidence, "the zoning hearing board is sole judge of credibility of witnesses and weight to be given their testimony." *Id.* at 222.

It is also well-established that where a zoning hearing board has developed a full and adequate record, but has made inadequate factual findings, the trial court should **remand** the matter to the board to make the essential factual determinations. *Kramer v. Zoning Hearing Board of Upper Saucon Township*, 641 A.2d 685, 687 (Pa. Cmwlth. 1994). This principle applies even when remand would be inconvenient or time-consuming.

In *Appeal of Grace Building Co.*, 395 A.2d 1049 (Pa. Cmwlth. 1979), we refused to allow a trial court to usurp the role of the zoning hearing board in order to avoid a remand. There, the landowner appealed the zoning hearing board's denial of his application for a variance to build a single-family home on an undersized lot. Because the zoning hearing board did not consider the landowner's request for a special exception, the trial court remanded to the zoning hearing board to take testimony on that issue. After a hearing, the zoning hearing board again denied the variance but made no decision on the special exception. On appeal after remand, although the trial court took no additional testimony, it nevertheless concluded, based on the facts as

10

presented by the landowner's counsel, that denial of the variance was proper because the hardship, if any, was self-inflicted by reason of the landowner's purchase of the lot at a tax sale at a time when its nonconformity with the zoning requirement was apparent. Because no sworn testimony was taken by the zoning hearing board on the issue of the variance, and no decision on the special exception was made, we vacated the trial court's decision to affirm the variance and remanded to the board so that it could take sworn testimony as to the entitlement to a variance and consider the issue of whether the property owner was entitled to a special exception. We explained that

> the court below, reasonably trying to avoid another remand, considered the facts as presented informally by landowner's counsel and dismissed the appeal on the merits, holding that denial of a variance was proper because the hardship, if any, was self-inflicted by reason of landowner's purchase of the lot at a tax sale, at a time when its nonconformity with the 1954 zoning requirement was apparent.

> However, we here conclude, with reluctance, that the best course would be to vacate the order below and direct a remand to the [b]oard again, hopefully for the last time, not only because of the absence of proper evidence, but also because a decision as to a special exception . . . should be made . . . .

395 A.2d at 1051.

As in *Appeal of Grace Building*, without a finding of fact or a credibility determination by the ZHB as to Michelle Weston, the trial court here was without authority to resolve whether Michelle Weston's testimony established the defense of variance by estoppel simply in an effort to avoid a second remand. It is the zoning hearing board's function to weigh the evidence before it, and it is the sole judge of the credibility of witnesses and the weight afforded their testimony. Although it never found that the ZHB's record was incomplete, the trial court nevertheless conducted a

11

*de novo* review, and found Michelle Weston was credible and that her testimony established the variance by estoppel defense. In so doing, the trial court exceeded the confines of its review by usurping the factfinding role of the ZHB.

Accordingly, we vacate the order of the trial court and remand to the trial court to either: (1) redetermine, by applying the standard of review, whether substantial evidence supported the ZHB's denial of the variance by estoppel defense; or (2) remand to the ZHB to make additional findings of fact and credibility determinations as to Michelle Weston's testimony and whether her testimony supported the variance by estoppel defense.

## IV. <u>Conclusion</u>

Accordingly, we vacate the trial court's order reversing the ZHB's decision and remand to the trial court to conduct further proceedings consistent with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dean and Michelle Weston,<br>t/d/b/a D & M Weston Trucking,<br>LLC | : <br> : <br> : <br> : | |
| v. | : <br> : | No. 1537 C.D. 2024 |
| Hanover Township Zoning Hearing<br>Board and Hanover Township,<br>Appellants | : <br> : <br> : | |

## ***ORDER***

AND NOW, this 6th day of April, 2026, the August 15, 2024 order of the Court of Common Pleas of Beaver County (trial court) is hereby VACATED and the matter is remanded to the trial court to either: (1) redetermine, by applying the standard of review, whether substantial evidence supported the Hanover Township Zoning Hearing Board's (ZHB) denial of the variance by estoppel defense; or (2) remand to the ZHB to make additional findings of fact and credibility determinations as to Michelle Weston's testimony and whether her testimony supported the variance by estoppel defense.

Jurisdiction is relinquished.

_____
PATRICIA A. McCULLOUGH, Judge