Tom Swift, Appellant *v.* The Zoning Hearing
Board of East Hempfield Township,
Appellee.

Argued December 9, 1977, before Judges WILKIN-
SON, JR., ROGERS and DISALLE, sitting as a panel of
three.

*Tom Swift,* appellant, for himself.

*Charles B. Grove, Jr.,* with him *Blakinger, Grove & Chillas,* P.C., for appellee.

OPINION BY JUDGE DiSALLE, February 1, 1978:

This is an appeal by Tom Swift (Appellant) from an order of the Court of Common Pleas of Lancaster County which affirmed the denial by the Zoning Hearing Board of East Hempfield Township (Board) of Appellant's application for a variance or a special exception to improve his property with a dwelling.[1]

Appellant purchased a parcel of land in East Hempfield Township at a tax sale in 1967 for the sum of $170.00. The land contains 33,000 square feet and is located in a district for which the East Hempfield

---

[1] This case was previously before this Court and was remanded for the making of a proper stenographic record and transcript. *Swift v. Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 87, 340 A.2d 592 (1975).

Zoning Ordinance (Ordinance) requires a minimum lot area of 10,000 square feet, a minimum width of seventy-five feet at the setback line, and a minimum of fifty feet frontage on a street. Except for three separate, narrow, access strips extending from this tract to public streets, it is completely encircled by the rear yards of other residential lots in the plan, which lots are improved with dwellings. Each access strip is approximately 140 feet long and 15 feet wide. Appellant's land cannot be improved with a dwelling without violating the frontage and minimum width at the setback line requirements of the Ordinance.

Our scope of review in zoning cases where the court below took no additional evidence is limited to a determination of whether the Board abused its discretion or committed an error of law.[2]

We must first consider the propriety of the Board's denial of Appellant's request for a variance. The law is clear that a variance from a zoning ordinance may be granted only in exceptional circumstances where the applicant proves that present zoning restrictions result in an unnecessary hardship unique or peculiar to the property and that the grant of a variance would not be adverse to the public health, safety, and welfare.[3] A variance will not be granted to the applicant when he knew or should have known of the existing zoning regulations and the problems bringing about the hardship at the time he purchased the property.[4] Such a hardship is self-inflicted.[5] In the present case, Appellant had examined the Ordinance and the property and was fully aware of the zoning problems be-

---

[2] *Waynesborough Corp. v. Zoning Hearing Board*, 23 Pa. Commonwealth Ct. 137, 350 A.2d 895 (1976).

[3] *Levin v. Zoning Hearing Board*, 11 Pa. Commonwealth Ct. 452, 457-58, 314 A.2d 579, 582 (1974) and cases cited therein.

[4] *Levin, supra*, and cases cited therein.

[5] *Gro Appeal*, 440 Pa. 552, 269 A.2d 876 (1970).

fore he purchased the land. Appellant seeks to avoid the onus of his self-inflicted hardship by arguing that his situation falls within the law announced in *Jacquelin v. Horsham Township*, 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973).

In *Jacquelin*, this Court held it to be error to deny a variance from size restrictions to the equitable owners of a lot under an agreement of sale where the lot was non-conforming as of the effective date of the zoning ordinance. Appellant points out that his lot was the sole remaining piece of land held by his predecessors in title, land developers, at the date of adoption of the Ordinance, the surrounding lots having been previously sold. The present case is distinguished from *Jacquelin*, however, in that here, as the Board found, Appellant's tract of land was intended by his predecessors in title to be used, not as a building lot, but as a common recreational area for residents of the development. In fact, the recorded subdivision plan does not show his land as a numbered lot, but only as "area 5." In addition, Appellant produced no deed predating the Ordinance showing his land to be a separate lot. Thus, as a common recreational area, Appellant's land conformed to the Ordinance as of the date of its adoption. The present case is further distinguished by the fact that Appellant originally purchased the land for purposes of speculation and with full knowledge of the zoning restrictions. Neither of these factors was present in *Jacquelin*.

We must conclude that Appellant's hardship is self-inflicted. Additionally, we agree with the Board that Appellant failed to carry his burden of showing that the grant of a variance would not be harmful to the public health, safety, and general welfare. Indeed, evidence of danger to children residing in the surrounding dwellings from traffic flow through the three

access strips to Appellant's lot indicate the contrary. In sum, we cannot say that the Board abused its discretion or committed any error of law in denying Appellant's application for a variance.

Turning to Appellant's request for a special exception, Section 1801 of the Ordinance pertinently provides:

1. . . .

2. Lot Area Exceptions: Where the owner of *a lot represented by an existing deed,* either recorded or to be recorded, *which lot at the time of the enactment of this Ordinance* does not include sufficient land to conform to the requirements of this Ordinance, the Board of Zoning Adjustment may grant a Special Exception. Such a lot may be used as a building site, provided, however, that the yard requirements of the district are complied with as closely as is possible in the opinion of the Board of Zoning Adjustment.

3. Prior Recorded Plans. If the *lot* sizes on those subdivision plans that were approved by the Township and recorded in the Office of Recorder of Deeds prior to the adoption of this Ordinance do not meet the minimum requirements of the district in which the tract is located, the Board of Zoning Adjustment may grant a special exception to the required minimum lot size requirement if the Board of Zoning Adjustment determines that a hardship would be created by requiring the redesign of the subdivision so that the lots would conform to minimum requirements and further that the smaller lot sizes would not be a detriment to the district. (Emphasis added.)

As previously noted, Appellant produced no deed predating the Ordinance which described his land as

a separate lot, and the subdivision plan did not designate Appellant's land as a building lot but only as an "area," in contrast to surrounding lots which were designated as such. Both of the exceptions provided in the Ordinance are designed to protect the owners (or subdividers) of *lots* which were legally *existing* and *non-conforming* at the date of its adoption. Appellant has simply failed to prove that either of these exceptions apply to his tract of land.

We affirm.

Judge ROGERS concurs in result only.

#### ORDER

AND Now, this 1st day of February, 1978, the order of the Court of Common Pleas of Lancaster County affirming the denial of a variance or special exception to Tom Swift by the Zoning Hearing Board of East Hempfield Township is hereby affirmed.