## Paul Mastropieri, Appellant *v.* Board of Supervisors of Thornbury Township, Appellee.

Argued October 2, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., BLATT, DiSALLE and MACPHAIL. Judges MENCER, ROGERS and CRAIG did not participate.

482

*William H. Lamb,* with him *Frank J. Williams, Lamb, Windle & McErlane,* for appellant.

*Sondra K. Slade,* of *Pepper, Hamilton and Scheetz,* for appellee.

OPINION BY JUDGE MACPHAIL, January 14, 1980:

This is an appeal from a decision of the Chester County Court of Common Pleas which affirmed the order of the Board of Supervisors of Thornbury Township[1] which rejected a proposed curative amendment and challenge to the validity of the Township's zoning ordinance filed by Paul Mastropieri, Appellant.

Factually, it appears that the Appellant proposes to develop approximately 41.5 acres into 34 building lots, each one acre in area, for the purpose of erecting single family residential dwellings thereon. The area proposed to be developed lies within an "A" Agricultural and Residential Zoning District where the Township's zoning ordinance requires a minimum lot size of 80,000 square feet (1.8 acres).

Appellant contended below and argues here that the Township's minimum lot size in "A" districts bears no reasonable relationship to the public health,

---

[1] Thornbury Township encompasses approximately 3.89 square miles or 2400 acres in land area. Reputedly, it is the Commonwealth's smallest township in land area.

safety and welfare of the Township, that the lot size has unconstitutionally impeded the normal growth of the Township when compared to surrounding townships, that the Planned Residential Districts set aside in the Township zoning ordinance are illusory and that the credible evidence substantiates a conclusion that the Township's Board of Supervisors committed an abuse of discretion and an error of law when it rejected the Appellant's proposal.

The lower court took no additional evidence. Therefore, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Swift v. Zoning Hearing Board of East Hempfield Township*, 33 Pa. Commonwealth Ct. 442, 382 A.2d 150 (1978). Using the analytical method and applying the relevant factors set forth in *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977) to the facts of this case, Judge SUGERMAN, in a comprehensive and scholarly opinion, concluded that the Thornbury Township zoning ordinance was non-exclusionary in character.

Our review of the record and of the findings and conclusions of the Board satisfy us that the trial judge has carefully considered the factual and legal issues and correctly resolved them. Accordingly, we will affirm on the basis of Judge SUGARMAN's opinion reported at 27 Chester Co. Reports      (1978).

## ORDER

AND Now, this 14th day of January, 1980 the order of the Court of Common Pleas of Chester County entered November 10, 1977 denying the appeal of Paul Mastropieri is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.