Vivian Manilla, Appellant *v.* Zoning Hearing Board of Worcester Township, Appellee.

Argued October 8, 1980, before Judges CRAIG, MAC-PHAIL and WILLIAMS, JR., sitting as a panel of three.

*Scott E. Townsley,* for appellant.

*Jerome B. Nulty, Clemens, Nulty and Gifford,* for appellee.

OPINION BY JUDGE MACPHAIL, December 4, 1980:

This is an appeal by Vivian Manilla (Appellant) from the September 6, 1979 order of the Court of Common Pleas of Montgomery County affirming the decision of the Zoning Hearing Board of Worcester Township (Board). The Board had denied the Appellant a variance from the provisions of the Worcester Township Zoning Ordinance (Ordinance) pertaining to limitations on size and illumination of professional signs.

Appellant, a realtor, purchased a residence and business office located on a tract zoned residential-agricultural. The previous owner who had also been a realtor had erected a sign in the front yard indicating his occupation. This sign measured three feet by four feet and was fastened to two posts anchored in the ground. Subsequent to the purchase of the property, the Appellant had the sign repainted to reflect the change in ownership.

In 1978 the Appellant became aware that the posts were deteriorating. She then constructed an eight foot tall support structure with shingled canopy and suspended the sign under the canopy. Floodlights and an automatic timer also were installed to illuminate the sign daily from dusk to 2:00 a.m. Shortly thereafter, the Appellant was notified by the Worcester Township

Zoning Officer that she was in violation of several sections of the Ordinance.[1]

Appellant filed an application for a variance from the size limitations on professional signs. A hearing on the application was held before the Board on March 27, 1979 during which the Board also considered evidence on the other zoning violations. In a written opinion dated May 9, 1979 the Board denied the Appellant a variance for any sign larger than the three feet by four feet predecessor and ordered the removal of the expanded support structure and illumination.

Appellant appealed to the Court of Common Pleas of Montgomery County. The lower court, without taking any further evidence, affirmed the Board's decision, dismissed the appeal and denied relief. Appellant appealed to this Court.

Appellant raises the same two issues before us that she raised before the lower court. Appellant contends that the Board's decision was an abuse of discretion because Appellant was seeking to expand dimensions of a nonconforming use in accordance with the normal expansion of business. Appellant further contends that the Board's decision was null and void because one member of the Board was also a realtor in Worcester Township and therefore had a direct pecuniary interest in the proceeding.

Our scope of review when the lower court takes no additional evidence is limited to a determination of whether the Board abused its discretion or committed an error of law. *Food Bag, Inc. v. Mahoning Town-*

---

[1] Appellant was in violation of the following sections of the Ordinance: (1) §1702 which prohibits the construction or alteration of any building or other structure until a zoning permit is obtained; (2) §130.5.a.1 which prohibits the illumination of permitted "non-emergency" signs; (3) §1304D which prohibits placement of signs within twelve feet of the curb line; and (4) §§301-B C and 1300B which prohibits professional signs in excess of two hundred square inches on property zoned Residential-Agricultural.

*ship Board of Adjustment,* 51 Pa. Commonwealth Ct. 304, 414 A.2d 421 (1980) and *Mastropieri v. Board of Supervisors of Thornbury Township,* 48 Pa. Commonwealth Ct. 481, 411 A.2d 260 (1980). In a thorough and well reasoned opinion, President Judge LOWE concluded that the Board's decision should be affirmed. *Manilla v. Worcester Township,* 106 Montg. Co. L.R. 444 (1979).

Our review of the record, the findings and conclusions of the Board convince us that the trial judge carefully considered and decided all the issues. Accordingly, we will affirm on the basis of President Judge LOWE's opinion.

### ORDER

AND Now, this 4th day of December, 1980 the order of the Court of Common Pleas of Montgomery County, dated September 6, 1979, denying the appeal of Vivian Manilla is affirmed.