Board of Commissioners of the Township of Robinson, Appellant *v.* Samdoz, Inc., Appellee.

Argued October 17, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Fred E. Baxter, Jr.,* with him *Jane D. Ressler, Gondelman, Baxter, Mansmann & McVerry,* for appellant.

*Bruce E. Dice, Zimmer & Dice,* for appellee.

OPINION BY JUDGE ROGERS, November 17, 1981:

Robinson Township appeals from an order of the Common Pleas Court of Allegheny County reversing the denial by the Robinson Township Zoning Hearing

Board of a variance sought by the appellee, Samdoz, Inc.

In 1963 Samdoz purchased about 30 acres of land in Robinson Township located in a district zoned R-2 residential where essentially only single family residences are permitted uses. In 1971 the township amended its zoning ordinance so as to place 23 acres of the appellant's land in the I-1, light industrial district, with the balance of about seven acres remaining in the R-2 district. Samdoz sought a variance which would permit it to develop the whole of its 30 acre parcel as an office and warehouse complex, a permitted use in the I-1 district.

After an evidentiary hearing, the Robinson Township Zoning Hearing Board denied the variance. Samdoz appealed this order to the Allegheny County Court of Common Pleas where the case was submitted on the record developed before the Zoning Hearing Board to a court appointed referee. The referee recommended that the Board's action be reversed and the variance granted. The Court of Common Pleas adopted the referee's recommendation and ordered the variance to issue.

Samdoz has moved to quash this appeal on two grounds, first that the township has no standing to appeal to this court because not having been a party or intervening party in the proceedings before the zoning hearing board or in the court of common pleas, it lacks standing to bring this appeal. In *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981) this court propounded the rule that a municipality will have standing to bring a zoning appeal to this court only if it was a party or intervening party in the zoning appeal in the court of common pleas. Because this rule was there first propounded and was not clearly foreshadowed by prior case law, we provided that it

should have prospective effect only. *Gilbert* was decided April 7, 1981. This appeal was taken December 5, 1980, so that the *Gilbert* rule has no application.

Samdoz second says that the appeal should be quashed because no exceptions to the order appealed were filed below. None were required. The procedure followed below was that provided in Administrative Order No. 18, of the Allegheny County Court of Common Pleas, in effect at the time the appeal to the court of common pleas was initiated, which Order did not provide for, much less require, that exceptions be made to the court's order.

We therefore overrule the motion to quash.

Passing to the merits, Samdoz based its application for a variance on the adverse conditions of the topography of its land zoned for residential use, the presence on the property of mine water ponds, the fact that the property was subject to acid mine drainage, and the value of existing residential properties in the neighborhood, which conditions it asserted in combination made it infeasible to construct dwelling houses on its property. The Zoning Hearing Board held that Samdoz was disqualified from advancing as unnecessary hardship either the zoning regulations or the physical characteristics of its property because these circumstances were known or should have been known to it when it acquired the land, citing *Sposato v. Board of Adjustment of Radnor Township,* 440 Pa. 107, 270 A.2d 616 (1970). While the Zoning Hearing Board cites *Gro Appeal,* 440 Pa. 552, 269 A.2d 876 (1970), it apparently overlooked the holding of *Gro* that the purchaser of a property subject to zoning regulations is not disqualified from a variance on the ground that his hardship is self-inflicted in the absence of evidence that the purchaser paid a high price for the property on the assumption that a variance

would be granted which would justify the price paid. There is no evidence in this record of what Samdoz paid for the property, much less that it paid a high price based on the expectation of a variance. The Zoning Hearing Board therefore erred in disqualifying Samdoz from complaining of the zoning regulations because any hardship on this score was self-inflicted. Similarly, the fact that the purchaser of a property knows or should know of its physical characteristics does not, as the Zoning Hearing Board also concluded, standing alone disqualify the purchaser from advancing these characteristics as a reason why the zoning regulations impose an unnecessary hardship. The law on this subject is succinctly stated by Judge WILLIAMS in *Marlowe v. Zoning Hearing Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224 at 233, 415 A.2d 946, 950 (1980) as follows:

> The appellants contend that the hardship relied upon by Chad was self-inflicted because Chad was aware of the land's features and the zoning requirements before purchasing the parcel. However, the mere fact that an applicant for a variance purchased the property with knowledge of the hardship does not alone preclude him from being granted the variance. Gro Appeal, 440 Pa. 552, 269 A.2d 876 (1970); Franklin Towne Realty, Inc. v. Zoning Hearing Board of Borough of Franklin Park, 37 Pa. Commonwealth Ct. 632, 391 A.2d 63 (1978); Harper v. Ridley Township Zoning Hearing Board, 21 Pa. Commonwealth Ct. 93, 343 A.2d 382 (1975).

> The mere fact that property changes hands after the adoption of zoning cannot be the basis for holding that no variance can thereafter be granted with respect to any matter of which

the purchaser could be aware. Zoning Hearing Board of Bensalem Township v. Grace Building Co., 39 Pa. Commonwealth Ct. 552, 395 A.2d 1049 (1979). Because zoning considerations relate primarily to the circumstances of the property and not to identity of the owners, it would seem that a subsequent purchaser can stand in the shoes of the original owner with respect to a variance, provided that the claimed hardship does not arise out of the purchase itself. *Id.*

A review of the evidence adduced at the Zoning Hearing Board's hearing reveals nothing tending to show that the things advanced by Samdoz as causing it unnecessary hardship arose out of the acquisition. There is evidence, however, from which an inference could be drawn that the seven acres which remain zoned for residential use may in fact be rendered useless for any purpose now permitted by the zoning regulations. On the other hand, much of Samdoz's evidence was contested by objecting neighbors and their witnesses. Hence, although the Zoning Hearing Board erred in disqualifying Samdoz out of hand as complaining only of self-inflicted hardship, this court, not being the finder of the facts, may not simply order the variance to issue.

We reverse the order below and remand the record so that the Zoning Hearing Board may make findings and conclusions relating to the substance of Samdoz's claim not inconsistent with this opinion.

## ORDER

AND Now, this 17th day of November, 1981, the order of the Court of Common Pleas of Allegheny County made November 14, 1980, is reversed and the record is remanded for further proceedings by the Zoning Hearing Board of Robinson Township not inconsistent with this opinion.