Randall S. Fike and Suzanne R. Fike, Appellants *v.* Robert Brynildsen and Nancy Brynildsen, his wife, Appellees.

Argued March 5, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*T. E. Butterfield, Jr., Butterfield, Joachim, Brodt & Houser,* for appellants.

*Robert M. Davison,* for appellees.

Opinion by President Judge Crumlish, Jr., September 1, 1982:

Randall and Suzanne Fike appeal from a Northampton County Common Pleas Court order which granted a dimensional variance to intervenors, Robert and Nancy Brynildsen. We vacate and remand.

In 1964, Bethlehem Township passed an ordinance regarding 10,000 square feet per dwelling unit and a minimum rear yard setback requirement of thirty-five feet. In 1966, the Township acquired the lot in question measuring 8,956 square feet. In 1980, the Brynildsens bought the lot intending to build a dwelling. They now seek a variance to reduce the overall square footage requirement and the rear-yard setback requirement to twenty-five feet. The lot had been previously dedicated to park use in a plan recorded in 1924.

Where the trial court takes no additional evidence, we are limited to reviewing whether the Zoning Hearing Board abused its discretion or committed an error of law. *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township,* 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982).

The trial court in this case took no additional evidence[1] and concluded that the record before it was sufficient upon which to review the actions of the Board. We disagree.

In *Swift v. Zoning Hearing Board of East Hempfield Township,* 33 Pa. Commonwealth Ct. 442, 382 A.2d 150 (1978), when addressing the issue of the propriety of the granting of a dimensional variance we noted the various factors that must be considered:

The law is clear that a variance from a zoning ordinance may be granted only in exceptional circumstances where the applicant proves that present zoning restrictions result in an unnecessary hardship unique or peculiar to the property and that the grant of a variance would not be adverse to the public health, safety, and welfare. A variance will not be granted to the applicant when he knew or should have known of the existing zoning regulations and the problems bringing about the hardship at the time he purchased the property. Such a hardship is self-inflicted. (Footnotes omitted.)

*Id.* at 444, 382 A.2d at 152. *See also Grace Building Co. v. Zoning Hearing Board of Upper Merion Township,* 38 Pa. Commonwealth Ct. 178, 392 A.2d 888 (1978). No evidence was offered as to whether the

---

[1] The trial court stated in its opinion that it had received no additional evidence, however, its decision is based on the opinion and minutes of the Board, along with certain facts that were apparently stipulated to by the parties on appeal to the trial court.

Brynildsens' hardship was self-inflicted,[2] *Swift*, or whether the purchase price was paid in anticipation of the granting of the variance.[3] *See Board of Commissioners of the Township of Robinson v. Sandoz*, 62 Pa. Commonwealth Ct. 433, 436 A.2d 1246 (1981).

The failure to keep a stenographic record and transcript of the proceedings before the Board[4] has further frustrated this Court in the exercise of its appellate review. Thus, on remand, the making of an adequate record is mandated. *See Penn Township Board of Supervisors v. DeRose*, 18 Pa. Commonwealth Ct. 626, 339 A.2d 859 (1975); *Schelley v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 169, 302 A.2d 526 (1973); *Camera, Jr., et al. v. Danna Homes, Inc.*, 6 Pa. Commonwealth Ct. 417, 296 A.2d 283 (1972).

Vacated and remanded.

---

[2] We also note that two issues apparently raised below, but not addressed in the paraphrased testimony before the Board nor in the Board's findings of fact, are raised here, *i.e.*, 1) were the Brynildsens the equitable owners of the property giving them the right to seek a variance, *see National Land and Investment Co. v. Easttown Township Board of Adjustment*, 419 Pa. 504, 215 A.2d 597 (1965), and 2) whether the Brynildsens were precluded from using this lot to build on, as it had been dedicated to park use, or whether such use had been abandoned by the Township.

[3] The minutes of the Board indicate that the Brynildsens paid $1,000.00 for the lot and the trial court concluded that this was not such a high price as contemplated a variance. This conclusion is not supported by any evidence in the record so as to be subject to our review.

[4] Section 908(7) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(7), requires:

(7) The board or the hearing officer, as the case may be, *shall* keep a stenographic record of the proceedings and a transcript of the proceedings and copies of graphic or written material received in evidence shall be made available to any party at cost. (Emphasis added.)

### ORDER

The order of the Northampton County Common Pleas Court, No. 1980-C-10195 dated May 8, 1981 is vacated and remanded for proceedings consistent with this Opinion.

Judge MENCER did not participate in the decision in this case.