Township Supervisors of Adams Township, Appellant *v.* James A. West, Appellee.

James A. West *v.* Township Supervisors of Adams Township et al. Stanley Wilhelm et al., Appellants.

James A. West, Appellant *v.* Township Supervisors of Adams Township et al., Appellees.

Argued October 3, 1983, before President Judge CRUMLISH, JR., and Judges BARRY and BARBIERI, sitting as a panel of three.

*Frank P. Krizner, McCandless & Krizner,* for appellant/appellee, Township Supervisors of Adams Township.

*Frederick A. Boehm, Goehring, Rutter and Boehm,* for appellant/appellee, James A. West.

*Richard L. Rosenzweig,* with him, *Gilbert M. Coogler, Rosenzweig & Burton,* for intervenors/appellants, Stanley Wilhelm et al.

OPINION BY JUDGE BARRY, December 29, 1983:

These cross appeals result from an order of the Court of Common Pleas of Butler County, dated August 27, 1982, and reaffirmed by an order dated April 7, 1983, which reversed a decision of the Township Supervisors of Adams Township (Township) denying a request for a curative amendment made by James A. West (West). The crux of West's challenge to the Township's zoning ordinance is that the ordinance is unconstitutional in failing to provide for areas where a mobile home park could be erected.

West is the owner of a 150 acre tract of unimproved farmland in the Township zoned "A-Agricultural". The Township's zoning ordinance, adopted December 13, 1976, requires a minimum lot size of 40,000 square feet and a minimum lot width of 125 feet in the "A-Agricultural" districts. The zoning ordinance makes no provision for mobile home parks in any of the various zoning districts in the Township, though three such parks exist as non-conforming uses.

In early 1980, West submitted a request for a curative amendment to the Township's zoning ordinance, seeking permission to implement a plan calling for the creation of a mobile home park containing 228 mobile

homes on the 150 acre tract. West made clear to the Township's Supervisors that if an appeal to the Court of Common Pleas became necessary, he would submit another plan calling for a higher density than the one and one-half units per acre as provided in the original plan. A hearing was held before the Township's Board of Supervisors on June 2, 1980, which subsequently denied West's request for a curative amendment. On August 1, 1980, West appealed to the Court of Common Pleas of Butler County.

On appeal, both parties agreed to proceed on the record without taking additional testimony. West submitted a proposed amendment to the Township's zoning ordinance which would allow the creation of mobile home parks within the "A-Agricultural" district with a maximum of six units per acre. West also submitted a plan calling for 502 units on the tract. On August 27, 1982, the Court of Common Pleas of Butler County declared the zoning ordinance unconstitutional to the extent that it failed to provide for mobile home parks anywhere within the Township. The court ordered the Township to both approve West's plan calling for one and one-half units per acre and adopt the curative amendment allowing up to six units per acre.

The Township, thereafter, filed both an application for reconsideration of the August 27, 1982, order and an appeal to this Court. The trial court granted both the application for reconsideration and a petition to intervene filed by six landowners in the Township. On April 7, 1983, the court entered an order reaffirming its earlier ruling that the zoning ordinance was unconstitutional. The court, however, omitted that portion of the August 27, 1982, order which required the Township to adopt the curative amendment allowing up to six units per acre in mobile home parks. The Township and the intervenors appealed from that por-

tion of the April 7, 1983, order declaring the Township's zoning ordinance unconstitutional. West also appealed, alleging that the trial court erred in failing to specifically approve his plan calling for 502 units.

It has long been well settled that in zoning cases, where the trial court takes no additional evidence, our scope of review is limited to determining whether the local governing authority either abused its discretion or committed an error of law. *Fike v. Brynildsen,* 68 Pa. Commonwealth Ct. 514, 449 A.2d 856 (1982). For the reasons that follow, we will demonstrate that the instant record is insufficient to decide these issues, thereby necessitating a remand.

As with any piece of legislation, the instant zoning ordinance is presumed to be valid and constitutional and the burden of proving otherwise is on the challenging party. *Taddeo v. Commonwealth,* 49 Pa. Commonwealth Ct. 485, 412 A.2d 212 (1980). There exists a line of cases, however, which hold that where a zoning ordinance totally excludes a legitimate and nonobjectionable use, the presumption of validity is rebutted and the burden shifts to the governmental entity to show that the ordinance bears a substantial relationship to the public health, safety, morals and general welfare of the community. *Schuster v. Plumstead Township Zoning Hearing Board,* 69 Pa. Commonwealth Ct. 271, 450 A.2d 799 (1982); *Meyers v. Board of Supervisors of Lower Makefield Township,* 38 Pa. Commonwealth Ct. 578, 394 A.2d 669 (1978); *Amerada Hess Corp. v. Zoning Board of Adjustment,* 11 Pa. Commonwealth Ct. 115, 313 A.2d 787 (1973).

This line of cases had its genesis in *Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971), where the municipality's zoning ordinance totally prohibited gasoline service stations. As Mr. Justice O'BRIEN stated:

We are not prepared to, nor do we, abandon our established policy that the validity of a zoning ordinance is presumed and that the burden of establishing its invalidity is upon the party who seeks to have it declared invalid. However, requiring an applicant for a building permit to establish by affirmative evidence the nonexistence of a proper zoning purpose in the total prohibition of an otherwise legitimate business activity would be to place upon him an unrealistic and insurmountable burden. It is always difficult to prove a negative—to require a party to prove a negative such as the non-existence of a proper zoning purpose is to raise difficulty to virtual impossibility . . . .

Here, the applicant can do no more, realistically, than show that the zoning ordinance has banned from the borough in its entirety a type of business activity which, in our society, is conducted without hindrance, it seems, almost everywhere. What more can the applicant do to meet his burden? We believe that at least in those circumstances where a total municipality-wide prohibition of an activity which, on its face, does not give rise to an indication of the protection of a legitimate public interest controllable by zoning laws, the applicant has met its burden by showing the total prohibition and the municipality must then establish the legitimacy of the prohibition by evidence establishing what public interest is sought to be protected.

*Id.* at 575-76, 285 A.2d at 504.

In *Girsh Appeal*, 437 Pa. 237, 263 A.2d 395 (1970), the zoning ordinance in question, while not explicitly

prohibiting apartments, made no provision for allowing apartments anywhere within the municipality. The court held that this was the legal equivalent of an express total prohibition against apartment houses. After *Girsh,* this Court has held that the failure to provide for a certain use amounted to an express total prohibition, thereby overcoming the presumption of constitutionality and shifting the burden to the municipality to prove the reasonableness of the exclusion. *Application of Friday,* 33 Pa. Commonwealth Ct. 256, 381 A.2d 504 (1978); *Dublin Properties v. Board of Commissioners of Upper Dublin Township,* 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975). Recently, however, in *Fernley v. Board of Supervisors of Schuylkill Township,* 76 Pa. Commonwealth Ct. 409, 464 A.2d 587 (1983), we held that residential use cases involving even a total prohibition must be subjected to the analysis called for in *Surrick v. Zoning Hearing Board of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977). Even though *Fernley* made no mention of the presumption of validity attaching to zoning ordinances, it is clear that a mere showing of a total prohibition in residential use cases is no longer sufficient to initially overcome the presumption and it is also clear that once the challenger presents sufficient evidence to show a *Surrick* exclusionary result, the burden will then shift to the municipality to prove the reasonableness of the exclusion.

In *Surrick,* Justice Nix called for a three step analysis in residential use cases. Based on the premise that where a municipality "is a logical place for development to take place, it should not be heard to say it will not bear its rightful part of the burden," *Girsh,* 437 Pa. at 245, 263 A.2d at 399, the Court held that the initial inquiry must focus on whether the com-

munity is a logical place for development and growth. If it is, one must then examine the present level of development in the community. If the community is not highly developed and is a logical place for growth and development, a showing of a total prohibition will then suffice to overcome the presumption of validity. Because of this presumption, the burden of proving the requisite *Surrick* facts is obviously on the challenger of the ordinance.

The trial court in this case failed to engage in any *Surrick* analysis, relying rather on the mere showing of a total prohibition of mobile home parks, a long recognized legitimate use, *Environmental Communities of Pennsylvania, Inc. v. North Coventry Township,* 49 Pa. Commonwealth Ct. 167, 412 A.2d 650 (1980) ; *East Pikeland Township v. Bush Brothers, Inc.,* 13 Pa. Commonwealth Ct. 578, 319 A.2d 701 (1974), to overcome the presumption of the ordinance's validity. In light of *Fernley,* this was error. We are well aware that a reviewing court may affirm the trial court for any reason, even if the reason relied on by the tribunal was wrong. *Gwinn v. Kane,* 465 Pa. 269, 348 A.2d 900 (1975). The instant record, however, is insufficient to allow us to engage in the analysis mandated by *Surrick* and *Fernley.*

In fairness to West, the challenger of the ordinance, he was relying on established case law now overruled by *Surrick* and *Fernley.* It is, therefore, necessary to remand the matter to allow West an opportunity to attempt to prove an exclusionary result using the *Surrick* standards.

Because of the necessity of the remand, we need not address a number of issues which have been raised, but one matter warrants a brief comment. In his appeal, West claims he was entitled to have the trial court spe-

cifically adopt the plan submitted calling for three and one-third units per acre. In *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 411-12, 333 A.2d 239, 244 (1975), we stated, "[T]he governing body must permit the challenging landowner to develop the land as proposed . . . provided, of course, that what is submitted is reasonable, and not injurious to the public health, safety, welfare and morals." The confusion here could possibly stem from the fact that West submitted one plan to the Township Supervisors calling for 228 units, another to the court calling for 502 units along with a proposed curative amendment allowing up to six units per acre. Nonetheless, the trial court must, if it finds on remand that the ordinance cannot pass constitutional muster, review the plan previously submitted to the township supervisors keeping in mind the mandate of *Ellick* and Section 1011.(2) of the Municipalities Planning Code, Act of June 1, 1972, P.L.　, 53 P.S. §11011.(2), and approve the same, subject to all reasonably adaptable provisions of other enactments of the township.

## ORDER

AND Now, December 29, 1983, the order of the Court of Common Pleas of Butler County, dated August 27, 1982, and reaffirmed by order dated April 7, 1983, at A.D. No. -80-726, Book 119, Page 61 is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.

I dissent, because I believe the majority incorrectly allocated the burden of proof respecting the justi-

fication for an exclusionary zoning ordinance. The erroneous allocation apparently stems from a misapprehension of our Supreme Court's decision in *Surrick v. Zoning Hearing Board of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977).

In *Surrick,* Justice Nix wrote, for a Supreme Court majority, that:

> Appellees properly note that a presumption of validity attaches to any challenged zoning ordinance.

> Nevertheless, this presumption is rebuttable and was never intended to foreclose full judicial review of constitutional issues. See National Land and Investment Co. v. Easttown Twp. Bd. of Adjustment, supra, 419 Pa. at 522, 215 A.2d at 607. *Where, as in the instant case, the facts show an obvious dearth of land zoned as available for multi-family dwellings, the proponents of the zoning ordinance must put forth adequate justification for this zoning-created scarcity.* (Emphasis added.)

*Id.* at 195 n. 13, 382 A.2d at 112 n. 13. Thus, it is clear beyond cavil that where a zoning ordinance totally excludes an otherwise legitimate residential use, it is no longer presumptively constitutional, but unconstitutional. *Id.; Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970) (cited with approval numerous times in *Surrick*). And it is also, therefore, manifest that the proponents of a zoning ordinance, *under such circumstances,* must demonstrate that the ordinance passes constitutional muster under the fair share analysis. *Surrick; Cutler v. Newtown Township Zoning Hearing Board,* 27 Pa. Commonwealth Ct. 430, 436, 367 A.2d 772, 777 (1976).