Vincent Poli et al., Appellants *v.* Board of Supervisors of Northampton Township, Appellee.

Argued April 4, 1984, before Judges ROGERS, CRAIG and BARRY, sitting as a panel of three.

*Raymond J. Quaglia,* for appellants.

*Theodore K. Warner, Jr.,* with him, *Robert C. Steiger,* for appellee.

OPINION BY JUDGE BARRY, July 12, 1984:

This appeal results from an order of the Court of Common Pleas of Bucks County, reversing in part and affirming in part, a decision of the Northampton Township Board of Supervisors, appellee herein, which denied a request for a curative amendment by the appellants, Vincent Poli and Norma Poli, his wife; Lucien Poli and Eleanor Poli, his wife; Dante Poli and Dorothy Poli, his wife and G. E. Poli and Sons, a partnership.

Appellants are the owners of a 24.2 acre tract of land in Northampton Township (Township). Prior to August of 1979, the Township's Zoning Code contained no provisions for mobile home parks; in August of 1979, however, the Township's Board of Supervisors amended the zoning code and provided for mobile home parks in an area encompassing almost sixteen acres of land. This area, which was rezoned as "R-5", was part of the tract owned by appellants. Under the amendments, approximately three and one-half units per acre were permitted in the "R-5" zone, as the minimum lot area for a mobile home was set at 7200 square feet.

On August 29, 1979, appellants filed a petition for a curative amendment, seeking the inclusion of thirteen additional acres of the tract within the "R-5" zone and allowing up to ten units per acre with a minimum lot area of 2075 square feet.[1] Following a number of hearings, the Township's Board of Supervisors, on February 13, 1980, denied the request for a curative amendment. On appeal to the Court of Common Pleas of Bucks County, the case was remanded to the Board of Supervisors to allow appellants to present expert testimony concerning the economic feasibility of the construction of mobile home parks under the Township's zoning ordinance. Following the presentation of this testimony, the Board of Supervisors again denied the requested curative amendment.

Appellants again appealed to common pleas court. Without taking any additional evidence, the court held that the challenged ordinance, in providing less than one percent of the Township's land for mobile home parks, constituted an unconstitutional de facto exclusion of mobile home parks; the court, therefore, ordered the thirteen additional acres of appellants'

---

[1] Appellants eventually submitted a curative amendment allowing seven units per acre.

land to be rezoned as "R-5". The Township does not contest this finding. The court further held, however, that the ordinance's density and minimum lot size requirements were constitutional. Following the entry of an order on September 15, 1982 in accordance with the aforementioned findings, this appeal followed.

Where the common pleas court takes no additional evidence, this Court's scope of review is limited to a determination of "whether the local governing authority either abused its discretion or committed an error of law." *Township Supervisors of Adams Township v. West,* 79 Pa. Commonwealth Ct. 254, 258, 469 A.2d 701, 703 (1983). As we believe the Board of Supervisors did neither, we will affirm the order of the Court of Common Pleas of Bucks County for the reasons that follow.

Appellants first argue that the common pleas court erred in holding that increasing the total acreage for mobile home parks within the Township from sixteen acres to twenty-nine acres cured the exclusionary effect of the ordinance without changing the density or minimum lot size requirement. Appellants evidently believe both questions are so interrelated that once any constitutional violation is found, the court would then have to grant the entire curative amendment. We disagree.

In *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 411-12, 333 A.2d 239, 244 (1975), we stated:

It is clear, under the 1972 amendments, [to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101], that if a governing body determines that its ordinances is defective, *because it totally prohibits the use proposed by the challenging landowner,* then the governing body must permit the challenging landowner, to

develop his land as proposed in the "plans and other materials" submitted with the challenge, *provided, of course, that what is submitted is reasonable, and not injurious to the public health, safety, welfare and morals.* The governing body may not totally prohibit the successful challenger's proposed development nor may it subject the proposed development to unreasonable and burdensome restrictions. See Casey, supra. The governing body may, however, subject the landowner's submitted plans to reasonable restrictions as may be otherwise properly provided for in its ordinance. To put it another way, *the successful challenger will still be required to abide by all of the reasonable . . .* density restrictions . . . (Emphasis added.)

As a general rule, a zoning ordinance is presumed to be valid and constitutional and the challenging party has the burden of proving otherwise. *Taddeo v. Commonwealth,* 49 Pa. Commonwealth Ct. 485, 412 A.2d 212 (1980). In the present case, the challenging landowners presented two separate and distinct challenges to the Township's zoning ordinance. Appellants first claimed the ordinance, by providing only sixteen acres for mobile home parks, failed to provide for its fair share of mobile homes and was, therefore, unconstitutional. On this point, appellants were successful and the court ordered the curative amendment requiring the additional thirteen acres to be rezoned "R-5" to be adopted. Be that as it may, appellants were nonetheless required to show the density restrictions and minimum lot size requirements were unreasonable and, therefore, unconstitutional.[2] Proof

---

[2] Appellants claim that they proved the ordinance allowing for only sixteen acres of mobile home parks to be de facto exclusionary, the burden should have been shifted to the Township to prove the density and minimum lot size requirements were reasonable. In

of unconstitutionality in the first instance does not relieve the challenging party of its distinct burden of proof on the second question pertaining to the density restrictions.

Appellants also argue the court erred in upholding the Township's finding it would be economically feasible to develop appellants' land using the density restrictions contained in the ordinance. The court, however, did nothing of the kind and, accordingly, appellants' argument has no merit.

In *National Land and Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 524, n. 23, 215 A.2d 597, 608, n. 23 (1965), the court stated:

> The mere fact that appellees suffer an economic loss is not sufficient reason to declare the zoning unconstitutional. Tidewater Oil Co. v. Poore, 395 Pa. 89, 149 A.2d 636 (1959). Nevertheless, it is relevant to consider the economic effect of a zoning restriction on the landowner as an aspect of assessing the constitutionality of the ordinance. See Annot. 95 A.L.R.2d 716, 732-34 (1964).

Appellants attempted to show the density and minimum lot size requirements were unreasonable and, therefore, unconstitutional by proving it would not be economically feasible to develop the land as a mobile home park with the ordinance's density requirements. Appellants presented the testimony of an expert who opined that a profit could be made if the entire twenty-nine acres were used with seven units per acre.

---

many instances. the burden of proof shifts once the presumption of constitutionality is overcome. *See Township Supervisors of Adams Township.* We find, however, no application of that principle to the situation presented by this case, as appellants have in no way overcome the presumption of constitutionality attaching to the ordinance's density restrictions.

The expert's opinion was based on a number of concrete assumptions with a specific breakdown of various items of income and costs, reaching the bottom line that such a proposal would be economically feasible. The expert was then asked if the density were changed from seven units per acre to three and one-half units per acre would the proposal then be economically feasible. Appellants' witness answered in the negative, but when he was asked for a breakdown similar to the one used assuming seven units per acre, he was unable to produce such figures.

In the December 16, 1981, decision of the Township's Supervisors, denying the request for the curative amendment, the Supervisors specifically found that no computations were presented with respect to the profitability of developing the land at three and one-half units per acre. When reviewing this question, the common pleas court stated:

We find that Appellants have not offered sufficient evidence that a 3.5 density on 29 acres is economically unfeasible. There was expert testimony that it would not be economically feasible to attempt a development of 113 units on a 29.2 acre tract. However, this was a bare conclusion with absolutely no documenting facts or figures presented to the Board. Additionally, there was expert testimony presented by the Township, plus a letter from the Bucks County Planning Commission which was submitted into evidence, which indicated that the 7,200 square feet individual lot requirement was necessary for adequate fire protection, light, air, privacy and maneuverability. In light of this testimony, and the lack of any testimony specifically detailing the feasibility of developing 3.5 units per acre on the tract which is the subject of this curative amendment, we cannot conclude that

the Board abused its discretion or committed an error of law. (Page 7, opinion and order of court, September 15, 1982.) As can clearly be seen, neither the Board of Supervisors nor the court found it would be economically feasible to develop the property at three and one-half units per acre; on the contrary, both recognized that appellants had failed to show such a proposal was not economically feasible. Since the challenging landowner failed to show by competent evidence the density restrictions were unreasonable and, thus, unconstitutional, we must hold appellants' allegation of error is meritless.

ORDER

Now, July 12, 1984, the order of the Court of Common Pleas of Bucks County at Nos. 80-2704-13-5 and 79-10069-06-5, dated September 15, 1982, is affirmed.