## Sprint Spectrum L.P. v. Zoning Hearing Board of Mahoning Township

C.P. of Carbon County, no. 00-0125.

*Thomas P. Cummings Jr.,* for appellant Sprint Spectrum L.P.

*Thomas S. Nanovic,* for appellee Mahoning Township Zoning Hearing Board.

*Holly A. Heintzelman,* for appellee Mahoning Township.

LAVELLE, *P.J.,* May 25, 2000—In this validity challenge to the Mahoning Township zoning ordinance, the principal issue presented is whether the ordinance is unconstitutionally exclusionary because it makes no provision for cellular communications towers. We hold that the ordinance is not exclusionary and we therefore af-

firm the decision of the Mahoning Township Zoning Hearing Board dated December 7, 1999.[1]

The ZHB held an evidentiary hearing on Novemer 9, 1999, and at the conclusion of that hearing it rejected the validity challenge filed by Sprint Spectrum L.P. and upheld the validity of the ordinance. On December 7, 1999, the ZHB filed a written decision consisting of findings of fact and conclusions of law. In its conclusions of law, the ZHB found that Sprint's proposed facility was either a permitted use in the township's I-1 zoning district inasmuch as it was identical to a "radio transmitter," one of the enumerated permitted uses in that district, or, in the alternative, was permitted under section 105 of the ordinance as a use which is not otherwise provided for. This timely appeal followed.

Since we have heard no additional testimony, our scope of review is limited to whether the ZHB's decision is supported by competent evidence and whether the ZHB committed an error of law or abuse of discretion. See *Faulkner v. Board of Adjustment of Moosic Borough,* 154 Pa. Commw. 616, 624 A.2d 677 (1993).

From the record of the hearing held on November 9, 1999, we make the following

## FINDINGS OF FACT

(1) The subject of this appeal is an 87-1/2 acre tract of land owned by Leonard J. and Karen K. Kolek at 394 Dieters Hill Road in Mahoning Township, and identified as tax parcel no. 71-37-B6.

---

1. Because of our disposition on the merits, we will not address the ZHB's argument that the instant appeal is untimely because it was not filed within 30 days following the zoning officer's denial of Sprint's application.

(2) The subject property is located in the R-1 agricultural/rural zoning district under the township's zoning ordinance.

(3) Sprint Spectrum seeks to construct a 195-foot tall wireless communications tower on the subject property in order to ensure uninterrupted wireless telephone service to its customers traveling on the northeast extension of the Pennsylvania Turnpike.

(4) In order to ensure continuous and uninterrupted telephone service to its subscribers, Sprint must locate its communications towers at strategic locations along its service route, which towers are separated by relatively short distances because of the low wattage used by cellular phone equipment.

(5) The construction, operation and maintenance of Sprint's communications tower would be governed by regulations adopted and enforced by the Federal Communications Commission.

(6) Sprint's tower would be constructed on an area of approximately 2,500 square feet on the subject tract and would require no buildings or sewage facilities. The tower would be erected on a concrete pad and the only appurtenant structures would be three 5' x 3' x 2' boxes containing telephone switching and other electronic equipment, enclosed by a locked fence. (N.T. 12-13.)

(7) The use proposed by Sprint is not a use provided as of right, by special exception or otherwise under the zoning regulations for the R-1 agricultural/rural district.

(8) The regulations for the I-1 research and development and industrial district under section 1002 of the township's zoning ordinance allow, as a permitted use, a "radio or television transmitter, including such as an ac-

cessory use, if it is of any type requiring licensing by the Federal Communications Commission."[2]

(9) Construction and operation of the tower proposed by Sprint would not adversely impact upon the health, welfare or safety of the surrounding community.

## DISCUSSION

Sprint's validity challenge is a two-pronged attack on the township's zoning ordinance. First, Sprint urges that the ordinance is unconstitutionally exclusionary because it makes no provision anywhere in the township for cellular communications towers, thereby effectively (and unlawfully) "zoning out" that particular use from the township. Second, Sprint argues that the Telecommunications Act of 1996 (47 U.S.C. §151 et seq.) effectively pre-empts local zoning regulations whenever such regulations result in significant gaps in the availability of wireless services. We will discuss these two issues seriatim.

### The Exclusionary Challenge

Sprint maintains that the ordinance is exclusionary because it makes no provision anywhere within Mahoning Township for construction of a wireless cellular communications tower.

Before addressing Sprint's claim, we must review the general principles of law applicable to validity challenges.

It is a well-established general rule that one who attacks the validity of a zoning ordinance has the burden of overcoming a strong presumption in favor of the ordi-

---

2. We note that the zoning ordinance was enacted in 1981, prior to the introduction of cellular technology.

nance. *Sullivan v. Board of Supervisors of Lower Makefield Twp.,* 22 Pa. Commw. 318, 348 A.2d 464 (1975). This presumption fails, however, where the ordinance, on its face, totally excludes a particular use, in which case the burden shifts to the municipality to prove either that the proposed use is inherently objectionable or is injurious to the public health, safety or welfare of the community. *Township Supervisors of Adams Twp. v. West,* 79 Pa. Commw. 254, 469 A.2d 701 (1983). Even if an ordinance is not totally exclusionary on its face, it may be de facto exclusionary if it does not provide a *fair share* of the total available land within the municipality for a particular use. Thus, we have held that a zoning ordinance which permitted public schools in less than 1 percent of a township's total available land area was de facto exclusionary because it effectively "zoned out" public schools from that township. *Jim Thorpe Area School District v. Kidder Township Zoning Hearing Board,* 42 D.&C.4th 432 (1999). The fair share doctrine requires "local political units to plan for and provide land-use regulations which meet the legitimate needs of all categories of people who may desire to live within its boundaries." *Surrick v. Zoning Hearing Board of Upper Providence Twp.,* 476 Pa. 182, 189, 382 A.2d 105, 108 (1977).

Applying these well-established principles to the testimony presented herein, we do not find that Mahoning Township's zoning ordinance is exclusionary to the extent that it totally excludes cellular communications towers from the township. Specifically, we find and thus hold that the tower which Sprint proposes to build is essentially identical to a "radio . . . transmitter . . . of [a] type requiring licensing by the Federal Communications Commission," a permitted use in the I-1 research and devel-

opment and industrial district under section 1002 of the ordinance. The ZHB held, and we agree, that the tower proposed by Sprint is, for zoning purposes, a type of radio transmitter permitted as of right in the I-1 zoning district. ZHB's conclusion of law no. 1. A zoning hearing board's interpretation of its own municipality's zoning ordinance is entitled to weight because it reflects the construction of a statute by an agency charged with its executions and application. *Willits Woods Associates v. Zoning Board of Adjustment of the City of Philadelphia,* 138 Pa. Commw. 62, 587 A.2d 827 (1991). This is particularly true where the board's interpretation, as here, is a permissive rather than a restrictive one. *Wolfe v. Zoning Board of Adjustment,* 14 Ches. Co. Rep. 296 (1966). Sprint's testimony as to the differences between a PCS tower and a radio transmitter tower in terms of watt and megahertz output, range of signal, type of radio signal emitted, one-way versus two-way communications, etc., while of possible technical interest, is irrelevant for zoning purposes since none of these features would be discernible to an onlooker and would have little, if anything, to do with the tower's impact on the affected site or neighboring community. Moreover, no competent testimony was presented at the hearing on this issue. Sprint's only witness was its counsel, who frankly admitted that he had no engineering expertise (N.T. 23) and that he was only "conversationally" familiar with radio transmitters. (N.T. 28.) This witness was not, and could not have been, qualified as one possessing any degree of special knowledge or expertise in the field of radio or wireless communications.

Moreover, even if a cellular communications tower were not essentially identical to a "radio transmitter," it would still be, as the ZHB specifically held, permitted

as a use "similar to and compatible with" the permitted use of a radio transmitter in the I-1 zoning district under section 105 of the ordinance.

Having determined that the ordinance does not, on its face, exclude PCS towers from the township, we must consider the question of whether the "fair share" test has been met under *Surrick* and its progeny. These decisions require us to examine the effects of a partial exclusion of a particular use in the light of such factors as actual and projected population growth in the township, the total amount of undeveloped land available for use, the municipality's proximity to major metropolitan centers, the present level of development in the township, and similar issues which impinge upon the need for the facility being urged by the challenger. In the instant case, however, Sprint has failed to produce a single shred of evidence relative to any of the enumerated factors and the record is utterly devoid of any testimony or other evidence regarding present population and projected future population growth, level of development or other relevant factors. Indeed, Sprint has not even produced evidence to establish a need for the proposed facility other than the brief testimony of its counsel, all of which was anecdotal, secondhand and non-expert in nature. This falls far short of the kind and weight of evidence required under *Surrick,* and prevents this court from embarking upon any meaningful analysis under the fair share doctrine. In short, Sprint has not met its burden of proof. See *Stahl v. Upper Southampton Township Zoning Hearing Board,* 146 Pa. Commw. 659, 606 A.2d 960 (1992)—applicant challenging ordinance on fair share theory has affirmative duty to provide evidence supporting fair share allegations.

*The Telecommunications Act of 1996*

The second prong of Sprint's attack on the validity of the ordinance is based upon section 332(c)(7)(B)(i)(II) of the Telecommunications Act of 1996 (47 U.S.C. §332(c)(7)(B)(i)(II)), which provides that local zoning regulations "shall not prohibit or have the effect of prohibiting the provision of personal wireless services . . . ."

This attack must fail on the same basis as Sprint's validity challenge: lack of evidence. It is clear that not every zoning denial of a cellular tower constitutes a violation of the Act. The applicant must establish, by competent evidence: (1) that the proposed tower would fill a significant gap in the ability of remote users to access the national telephone network, and (2) that the permit sought is the least intrusive means of accomplishing that end. The first element requires proof that the area which the applicant seeks to serve is not already serviced by another provider. The second element requires a good faith effort to identify and evaluate less intrusive alternatives, including alternate locations and placement of antennae on existing structures. *APT Pittsburgh Limited Partnership v. Penn Township,* 196 F.3d 469 (3d Cir. 1999). *APT* is factually similar to the case at bar. The applicant sought to construct a cellular tower in a residential district in order to close gaps and provide "seamless" coverage in its cellular telephone service. The zoning ordinance permitted such towers in the light industrial district but not in residential districts. APT testified that although there were several suitable sites located in the light industrial district, none was available for lease. The Third Circuit rejected APT's statutory claims for the reasons mentioned above. It also rejected APT's exclusionary claim, holding that there was no re-

quirement that a zoning ordinance guarantee that all wireless providers will have a suitable site within the township for the location of their towers. In summarizing the testimony, the Third Circuit observed:

"This record is remarkable not for what it contains, but for what it does not. Pennsylvania law imposed a substantial burden upon APT to rebut [the zoning] ordinance's presumption of constitutionality. We conclude that the ZHB was entitled to find that APT had not carried its burden in this case." 196 F.3d at 478.

The same comment is equally applicable to the instant record. Sprint introduced no testimony or other competent evidence on either of the elements required under the federal statute. Instead, it relied on a bald assertion that the Telecommunications Act effectively pre-empts all local zoning regulations which would restrict or impede its ability to furnish cellular service. It presented no evidence whatever as to the availability of service from other cellular providers or the feasibility of solving its coverage needs by other, less intrusive, means, including the location of its tower in one of the township's I-1 zoning districts, where they are a permitted use. In particular, there was no competent evidence that the subject tract was the only place it could locate its facility. Accordingly, Sprint failed to prove that the ZHB violated or impeded its rights under the Telecommunications Act.

Based upon the foregoing findings of fact and discussion, we enter the following

## CONCLUSIONS OF LAW

(1) The Mahoning Township zoning ordinance does not impermissibly exclude cellular wireless communications towers from the township;

(2) For zoning purposes, a cellular communications tower is essentially identical to a "radio transmitter," a permitted use in the township's I-1 research and development and industrial district under section 1002 of the zoning ordinance.

(3) Even if a cellular communications tower were not deemed essentially identical to a "radio transmitter," it would still be permitted under section 105 of the zoning ordinance as a use not specifically provided for but "similar to and compatible with" the permitted use of a radio transmitter in the I-1 zoning district.

(4) Neither the zoning ordinance nor the decision of the zoning hearing board violates the provisions of the Telecommunications Act of 1996.

Based upon the foregoing findings of fact and conclusions of law, we enter the following order:

## ORDER

And now, May 25, 2000, it is hereby ordered and decreed that the appeal of Sprint Spectrum L.P. is denied and dismissed, and the decision of the Zoning Hearing Board of Mahoning Township dated December 7, 1999, is affirmed.